UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **ERNEST SMITH,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 07-cv-1934 (RMC) |
| | ) | |
| **EDWARD F. REILLY, Chairman,** | ) | |
| United States Parole Commission, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S "MOTION TO GRANT SUMMARY JUDGMENT IN MOTION TO STAY PROCEEDINGS"**

Edward F. Reilly, Jr., Chairman, United States Parole Commission ("USPC"), Cranston J. Mitchell, Deborah Spagnoli, Patricia Cushwa and Isaac Fulwood, Jr., Commissioners, USPC, in their official capacities (collectively "Defendants"), by and through the undersigned counsel, hereby oppose Plaintiff's "Motion to Grant Summary Judgment in Motion to Stay Proceedings."

Plaintiff alleges that, by considering his application for parole under the USPC's initial parole guideline instead of the defunct D.C. Parole Board's, Defendants violated his rights under the ex post facto clause of the constitution. Pl. Compl. at ¶¶41-57. Plaintiff seeks to stay proceedings pending the outcome in *Sellmon v. Reilly*, CA No. 06-1650 (ESH) where the same *ex post facto* issue is before the Court. In that action, several D.C. Code violators are challenging Defendants' denial of their applications for initial parole. Defendants have argued, in that action, that the threshold questions as whether "created a significant risk of prolonging [his] incarceration." *Garner v. Jones*, 529 U.S. 244, 251 (2000). Defendants' reply brief in that action is currently due at the end of this month after which the matter should be fully briefed.

Based on the threshold question, it is clear that each inmate must show that, in light of the individual's criminal history, the paroling authority's action had the prohibited effect. It is clear from *Garner*, that the answer to the question posed can only be derived from a case-by-case evaluation of the paroling authority's conduct in light of the applicant's unique criminal history. In other words, did the paroling authority properly apply its guidelines taking the unique threat the individual might pose to society into consideration? While a ruling in the *Sellmon* case might be persuasive, it is unlikely to be dispositive in Plaintiff's case especially in the very likely event that his criminal history is distinct from the *Sellmon* plaintiffs'.

Based on the foregoing, Defendants respectfully request that the Court deny Plaintiff's motion and permit an answer or other response be filed when due on April 8, 2008.[1]

March 26, 2008                               Respectfully submitted,

                                                /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

                                                /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

                                                /s/
KENNETH ADEBONOJO
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room 4210
Washington, D.C. 20530
(202) 514-7157
COUNSEL FOR DEFENDANTS

---

[1] Defendants concede that opposition to Plaintiff's initial Motion to Stay was not filed due to the fact that this matter was assigned to the undersigned after opposition to said motion was due.

## CERTIFICATE OF SERVICE

I certify I caused copies of the foregoing Defendants' Motion to Opposition to Plaintiff's Motion for Summary Judgment in Motion to Stay Proceedings to be served by first class mail upon *pro se* plaintiff at:

Ernest D. Smith, Pro se
Reg. No. 11565-007
U.S.P. Lewisburg
P.O. Box 1000
Lewisburg, PA
17837

on this 26th day of March, 2008.   \_\_\_\_\_/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room 4210
Washington, D.C. 20530
(202) 514-7157