## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ERNEST D. SMITH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )      **Civil Action No.: 07-CV-01934(CKK)** |
| | ) |
| **EDWARD F. REILLY, Chairman,** | ) |
| **United States Parole Commission, et al.** | ) |
| | ) |
| **Defendants.** | ) |

## ANSWER

### FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

In response to the numbered paragraphs of the Complaint, Defendants respond as follows:

1.      The allegations of this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed necessary, they are denied.

2.      The allegations of this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed necessary, they are denied.

3.      The allegations of this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed necessary, they are denied.

4.      The allegations of this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed necessary, they are denied.

5-9.    Admitted.

10.     Denied.  Deborah A. Spagnoli no loner serves as a U.S. Parole Commissioner.

11-14.  Admitted.

15.     This paragraph is a characterization of the Act. The Court is directed to the full

text of the legislation for a complete and accurate statement of its contents.

16.     Admitted.

17.     Denied as stated.

18.     This paragraph is a legal characterization of the Commission's regulations.  The

Court is directed to the full text of the regulations for a complete and accurate statement of their

contents.

19.     Denied.  Parole eligibility is determined by the D.C. parole statute at D.C. Code

§§ 24-403, 404.  Defendants admit that the Commission considered Plaintiff for parole

consideration using these statutes and the guidelines for D.C. Code offender found at 28   C.F.R.

§ 2.80(2006).

20.     Denied.  The minimum sentence under the D.C. sentencing scheme is determined

by statute.  Parole rules, guidelines, and regulations do not determine a minimum sentence.

21.     Denied.

22.     Denied.

23.     Admitted.

24.     Admitted in part.  The Commission was required to apply the D.C. statute and

D.C. Board's guidelines, but not its practices and policies.

25.     Denied.

26.    Denied.  The guidelines that the D.C. Board considered were not mandatory. Under the D.C. parole scheme, the D.C. Board was free to depart from its guidelines when circumstances were warranted.

27.    Admitted in part.  Defendants admit that, at the time Plaintiff committed his offense, the D.C. Board of Parole considered guidelines published in 1987.  Defendants deny that the    D.C. Board "used" these guidelines in a mandatory manner.

28.    This paragraph contains legal characterizations of the Board's regulations. The Court is directed to the regulations for a complete and accurate statement of their contents.  To the extent a response is necessary to the factual allegations of this paragraph, the paragraph is denied as stated.

29-33.  These paragraphs contain legal conclusions and characterizations of the law to which no response is required.  To the extent a response is deemed required, the Court is directed to the full text of the Board's 1987 regulations for a complete and accurate statement of their contents and import.

34.    This paragraph contains legal characterizations of the Board's regulations. The Court is directed to the regulations for a complete and accurate statement of their contents.  To the extent a response is necessary to the factual allegations of this paragraph, the paragraph is denied as stated.

35-40.  These paragraphs contain legal conclusions and characterizations of the law to which no response is required.  To the extent a response is deemed required, the Court is directed to the full text of the Board's 1987 regulations and policy statements for a complete and accurate statement of their contents and import.

41.    This paragraph is a characterization of the statute to which no response is required.  To the extent a response is deemed necessary, the Court is directed to the full text of the Revitalization Act for a complete statement of its contents and import.

42.    Admitted.

43.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed necessary, they are denied.

44-49.  These paragraphs contain legal conclusions and characterizations of the law to which no response is required.  To the extent a response is deemed required, the Court is directed to the full text of the Commission's guidelines for D.C. Code offenders, found at 28 C.F.R. § 2.80.

50.    Admitted

51.    Admitted in part and denied in part.  Defendants admit that when Plaintiff was convicted of his offense of conviction, the D.C. Board considered the 1987 guidelines in making parole release determinations.  Defendants admit that the D.C. Board did not exist when it considered Plaintiff for parole.  Defendants admit that when they considered Plaintiff for parole that they considered the revised guidelines for D.C. Code offenders, published in 2000.  Other aspects of this paragraph are denied.

52.    Defendants admit that it determined, considering the 2000 guidelines, that Plaintiff's Salient Factor Score was 4 and his Base Point Score was 8.  Defendants specifically deny that they increased Plaintiff's punishment in considering the 2000 guidelines.  Defendants deny the other aspects of this paragraph.

53.     Defendants admit that, when the D.C. Board was the D.C. parole authority, Plaintiff was required to serve his minimum sentence to be eligible for parole consideration. Defendants admit that, when the Commission was the D.C. parole authority, Plaintiff was required to serve his minimum sentence to be eligible for parole.  Defendants deny that, under the D.C. Board's regulations and policies, Plaintiff's minimum term would have necessarily satisfied offense accountability for his offense of conviction.

54.     Defendants admit that the Commission considered the rescission guidelines in considering him for parole.  Defendants deny that the information considered by the Commission would not have been considered by the D.C. Board under the 1987 guidelines.  Defendants deny the remainder of this paragraph.

55.     Defendants admit that the Commission awarded Plaintiff Superior Program Achievement at his initial parole hearing.  The remainder of this paragraph calls for a conclusion of law, to which no response is required.

56.     Defendants deny this paragraph to the extent that it characterizes the Commission decisions and computation of his guidelines.  Defendants admit that, following Plaintiff's initial parole hearing, the Commission found that Plaintiff's guideline range under the revised guidelines for D.C. Code offenders was 249-283 months.

57.     Denied in part.  Admitted in part.  Defendants admit that the Commission denied Plaintiff parole.  Defendants admit that the Commission found that a decision above the revised guidelines for D.C. Code offenders was not warranted.  Defendants deny the remainder of this paragraph, including its characterizations of the Commission's guidelines and application thereof.

58-63.  These paragraphs contain legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Court is directed to the Board's 1987 guidelines.

64.     Defendants incorporate by reference herein their answers to paragraphs 1-65.

65-66.  These paragraphs contain legal conclusion to which no response is required.  To the extent that a response is deemed necessary, the allegations are denied.

67-68.  Denied.

69.     Defendants incorporate by reference herein their answers to paragraphs 1-73.

70-72.  Denied.

The remainder of the Complaint is Plaintiff's request for relief.  Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

WHEREFORE, it is respectfully requested that the Complaint be dismissed with prejudice and that the Court grant such further relief as it deems appropriate.

Dated:  April 7, 2008                              Respectfully submitted,

                                                    /s/
                                                   JEFFREY A. TAYLOR, D.C. BAR # 498610
                                                   United States Attorney

                                                    /s/
                                                   RUDOLPH CONTRERAS, D.C. BAR #  434122
                                                   Assistant United States Attorney

                                                    /s/
                                                   KENNETH ADEBONOJO
                                                   Assistant United States Attorney
                                                   United States Attorney's Office, Civil Division
                                                   555 4th Street, N.W. – Room E4210
                                                   Washington, D.C. 20530
                                                   (202) 514-7157
                                                   kenneth.adebonojo@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I certify I caused copies of the foregoing Defendants' Answer to Plaintiff's Complaint to

be served by first class mail upon *pro se* plaintiff at:


Ernest D. Smith, Pro se
Reg. No. 11565-007
U.S.P. Lewisburg
P.O. Box 1000
Lewisburg, PA
17837


on this 7th day of April, 2008.                _/s/_____

                                               KENNETH ADEBONOJO
                                               Assistant United States Attorney
                                               United States Attorney's Office
                                               Civil Division
                                               555 4th Street, N.W. – Room 4210
                                               Washington, D.C. 20530
                                               (202) 514-7157

7