UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERNEST D. SMITH,

           PLAINTIFF,

V.                                            Civil Action No. 07-1934RMC

EDWARD F. REILLY Jr, et al,

           DEFENDANTS,

### REPLY TO DEFENDANTS' OPPOSITON TO GRANT SUMMARY JUDGEMENT IN PLAINTIFF'S MOTION TO STAY PROCEEDINGS

    Now comes the plaintiff Ernest D. Smith, pro se, hereby respectfully request this Court to grant summary judgement in plaintiffs' motion to stay the proceedings in the above captioned proceedings until the outcome of the related civil complaint before Judge Ellen Segal Huevelle in this Court, Sellmon v. Reilly, case No. 1:06-1650-ESH.

    Pursuant to Federal Rules of Civil Procedures Rule 8 (D) "Averments in a pleading to which a responsive pleading is required ... are [conceeded] when not denied in the responsive pleading".

    In Defendants' "Opposition To Plaintiffs' Motion To Grant Summary Judgement In Motion To Stay Proceedings", Defendants' "conceede that opposition to plaintiffs' intial Motion To Stay was not filed ...[when] said motion was due".

    Defendants however disingenously asserts that plaintiffs' claims and claims of plaintiffs' in the Sellmon v. Reilly case "can only be derived from a case by case evaluation of the paroling authority's conduct in light of the applicant's unique criminal history" and that " a ruling in the Sellmon case might be persuasive, it's unlikely to be dispositive in plaintiffs' case especially in the very likely event that his criminal history is distinct from the Sellmon plaintiffs'".

    However a related case motion was filed by the attorney of the plaitiffs' in the Sellmon case (exhibit #1) that asserts that both plaintiffs' cases "assert the same Ex Post Facto Clause claims ... based on the Defendants' use of their own parole guidelines as opposed to those of the District of Columbia Board of Parole".

**RECEIVED**

APR 9 - 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

The legal issues in both cases in clude whether Defendants' significantly increase the risk that an offender will serve a longer period of incarceration by using the Defendants' parole guidelines.

However at issue here is that Defendants' failed to file a responsive pleading to plaintiffs' " Motion to Stay the Proceedings" as required by Federal Rules of Civil Procedures Rule 8(D) and have conceeded this fact.

For these reasons plaintiff respectfully request this Court to grant Summary Judgement to Stay the Proceedings in the above captioned case until the outcome of the related Sellmon v. Reilly case.

 

Respectfully Submitted,

*/s/ Ernest Smith*
ERNEST D. SMITH
Reg. 11565-007
U.S.P Lewisburg
Lewisburg, PA 17837

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing Reply To Defendants' Opposition To Grant Summary Judgement In Plaintiff's Motion To Stay Proceedings was sent on this 4th day of April, 2008 to

1. Kennenth Adebonojo, Counsel for Defendants Edward F. Reilly Jr, et al and for the United States Parole Commission in this case;

2. the Honorable Rosemary M. Collery by first class mail.

Respectfully Submitted,

ERNEST D. SMITH
11565-007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TONY R. SELLMON, et al., | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 06-1650 (ESH) |
| EDWARD F. REILLY, JR., Chairman of the United States Parole Commission, et al., | : |
| Defendants. | : |

## NOTICE OF RELATED CASE

Pursuant to Local Civil Rule 40.5(b)(3), Plaintiffs submit this Notice of Related Case. Rule 40.5(b)(3) obligates "an attorney for a party in a civil . . . action" who "becomes aware of the existence of a related case or cases" to "immediately notify, in writing, the judges on whose calendars the cases appear" and to serve such notice on counsel for all parties.

On November 15, 2007, Plaintiffs became aware of the case *Smith v. Reilly*, No. 07-cv-1934, currently pending before Judge Rosemary M. Collyer. For the reasons set forth below, Plaintiffs believe that their case is related to the *Smith* case under Local Civil Rule 40.5.

The complaint in the *Smith* case asserts the same Ex Post Facto Clause claims as Plaintiffs herein assert based on the Defendants' use of their own parole guidelines as opposed to those of the District of Columbia Board of Parole ("Parole Board"). The legal issues in both cases include whether Defendants significantly increase the risk that an offender will serve a longer period of incarceration by using their parole guidelines to (1) add a period of months to an offender's minimum sentence (i.e., the period of incarceration the offender had to serve before becoming eligible for parole) to establish a new period of incarceration that an offender must serve to be presumed suitable for parole where under the Parole Board's guidelines and

2353300

practices, no such additional period was added; and (2) to increase the period an offender must serve to be presumed suitable for parole using disciplinary infractions that the Parole Board's guidelines and practices did not allow the Parole Board to use. These common legal issues turn, in part, on the Court's resolution of the following two factual issues:

1. whether, in practice, the Parole Board considered an offender's minimum sentence, i.e., the period of incarceration the offender must serve before becoming eligible for parole, as satisfying offense accountability and, absent certain pre- and post-incarceration conduct and/or unusual circumstances, parole suitability; and

2. whether the Parole Board used disciplinary infractions older than three years in evaluating an inmate's suitability for parole.

Dated:  November 15, 2007

Respectfully submitted,
/s/ Jason D. Wallach
Jason D. Wallach, D.C. Bar No. 456154
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006-5403
(202) 420-2200
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Related Case was sent on this 15th day of November, 2007 to

1. Kenneth Adebonojo, Counsel for Defendants Edward F. Reilly, Jr., Cranston J. Mitchell, Deborah A. Spagnoli, Patricia K. Cushwa, and Isaac Fulwood, Jr., and for the United States Parole Commission in this case by electronic mail;

2. the plaintiff in *Smith v. Reilly* by first class mail; and

4. the Honorable Rosemary M. Collery by first class mail.

/s/ Jason D. Wallach