# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ERNEST D. SMITH** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 07-1934 (RMC)** |
| | ) | |
| **EDWARD F. REILLY, <u>et al.</u>,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Edward F. Reilly, Jr., Chairman, United States Parole Commission ("USPC"), Cranston J. Mitchell, Deborah Spagnoli, Patricia Cushwa and Isaac Fulwood, Jr., Commissioners, USPC, in their official capacities (collectively "Defendants"), by and through the undersigned hereby submit this Cross-Motion for Summary Judgment and opposition to Plaintiff's Motion for Summary Judgment.

In support of this motion, Federal Defendants respectfully refer the Court to the accompanying Statement of Material Facts and Memorandum of Points and Authorities with attachments, and to the entire record in this case.

<u>Pro se</u> Plaintiff will take note that if he fails to respond to this motion to dismiss, the Court may grant this motion and dismiss his case because of his failure to respond.  <u>See</u> <u>Fox v. Strickland</u>, 837 F.2d 507 (D.C. Cir. 1988).

A proposed Order consistent with the relief sought herein is attached.

July 3, 2008                                Respectfully Submitted,


  __/s/_____
  JEFFREY A. TAYLOR, D.C. BAR # 498610
  United States Attorney

 

    \_\_\_\_/s/_____

RUDOLPH CONTRERAS, D.C. BAR #434122

Assistant United States Attorney

 

    \_\_\_\_\_/s/_____

KENNETH ADEBONOJO

Assistant United States Attorney

555 Fourth Street, N.W.

Washington, D.C.  20530

(202) 514-7157

kenneth.adebonojo@justice.com

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ERNEST D. SMITH | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     **Civil Action No. 07-1934 (RMC)** |
| | ) |
| EDWARD F. REILLY, <u>et al.</u>, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'**
**CROSS-MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S**
<u>**MOTION FOR SUMMARY JUDGMENT**</u>

Edward F. Reilly, Jr., Chairman, United States Parole Commission ("Commission"),

Cranston J. Mitchell, Deborah Spagnoli, Patricia Cushwa and Isaac Fulwood, Jr.,

Commissioners, USPC, in their official capacities (collectively "Defendants"), by and through

the undersigned hereby submit this opposition to Plaintiff's Motion for Summary Judgment and

Cross-motion for Summary Judgment.  Ernest D. Smith, Reg. No. 11565-007, brought this action

under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights guaranteed by

the *Ex Post Facto* Clause when they applied the United States Parole Commission's

("Commission") regulations promulgated after he committed his offense instead of the District of

Columbia Board of Parole ("Parole Board") regulation in place at the time he committed his

crimes.  Defendants contend that the Motion for Summary Judgment should be denied because

the undisputed facts show that Plaintiff would have been denied parole at his initial parole

hearing even if the Parole Board's regulations were applied.  Furthermore, based on Plaintiff's

criminal past, it is very likely that the Parole Board would have found grounds to depart from the

numerical guidelines to deny Plaintiff parole even if he had favorable numerical indicators.

## PROCEDURAL HISTORY

On October 26, 2007, Plaintiff filed his Complaint, docket #1, alleging that Defendants violated his constitutional rights protected by the *ex post facto* clause by applying their own parole regulations instead of the Parole Board's in existence at the time he committed his crimes. Defendants filed their Answer on April 7, 2008. Docket #16. Plaintiff then filed a Motion for Partial Summary Judgment on May 9, 2008. Docket # 20. Plaintiff's motion should be denied and the Court should grant Defendants' cross-motion.

## BACKGROUND

Plaintiff is currently serving an aggregate 57-year D.C. Code prison sentence imposed in Superior Court, Case Nos. F-610-90, F-4505-92, and F-4503 for his convictions for attempted distribution of cocaine, carrying a pistol without a license, possession of a firearm during a crime of violence, manslaughter while armed, and carrying a pistol without a license. Defendants' Statement of Material Facts ("Defs' SOMF") Ex. A. Plaintiff has quite an extensive criminal past beginning with a February 22, 1989, juvenile charge of assault with a dangerous weapon. Id., Ex. B.[1] Plaintiff was sentenced to one year probation on that charge on June 7, 1990. Id.

On November 20, 1989, Plaintiff was charged, as an adult, with possession with intent to distribute cocaine, which was not papered. On January 16, 1990, Plaintiff was charged with possession with intent to distribute cocaine, attempted distribution of cocaine and two counts of distribution of cocaine. Id. For these charges, it appears that, on May 23, 1990, Plaintiff was placed on a two-year term of probation under the Youth Rehabilitation Act after a 120-day work-

---

[1]    At the time he committed this juvenile offense, Plaintiff was two month shy of his eighteenth birthday.

release.  Id.  On April 21, 1990, Plaintiff was charged with carrying a pistol without a license.  Id.

This latter infraction did not constitute a violation of probation because Plaintiff was still

awaiting sentencing on the attempted distribution charge and Plaintiff was continued on

probation.[2]  Id.

    Subsequently, on or about March 19, 1992, while he was still on probation, Plaintiff was

charged with carrying a pistol without a licence, possession of a firearm during a crime of

violence and manslaughter while armed.  Id., Ex. A.  Plaintiff was sentenced to the term of 45

years that he is currently serving.  Id.  In addition, Plaintiff's probation was revoked and a

consecutive 4-12 year sentence imposed.  Id., Ex. C, H.  At his parole hearing, Plaintiff "was not

forthcoming at first with details regarding" the manslaughter charge.  Id., Ex. I  Apparently,

Plaintiff "did not have an actual reason for killing the other individual" other than that he felt

"disrespected" by the individual.  Id.  It also appears that on April 26, 1992, Plaintiff might have

been charged with another weapons offense.  Id., Ex. A.  Plaintiff became eligible for parole on

his aggregate 57-year sentence on January 25, 2008.  Id.

    Prior to his eligibility date, Plaintiff applied for parole.  Id., Ex. G.  After receiving all

available materials, the Commission "pre-assessed" Plaintiff's case in anticipation of his parole

consideration.  Id. Ex. H.  On July 23, 2007, a parole hearing was held before a Commission

hearing examiner.  Id., Ex. I.  The hearing examiner awarded Plaintiff a Salient Factor Score

("SFS") of 4 based on Plaintiff's prior convictions and adjudications, prior correctional

---

[2]    The presentence report on the carrying a pistol charge indicates that Plaintiff
seemed to be "significantly involved [] with the illicit drug trade. [Plaintiff] first was convicted
of a felony drug offense, and then continued to carry weapons. [Plaintiff's] disregard for Court
imposed obligations is of concern...and perhaps he is more involved in the illicit drug trade than
one would assume."  Id.

commitment and Plaintiff's relatively young age when the crime that he was incarcerated for was committed. Id. at 3. The examiner added another 6 points based on the type of risk Plaintiff posed. Id. Additional adjustments were made for institutional infractions and program achievement for a total Base Point Score of 8, which corresponds to 72-96 additional months of incarceration before Plaintiff is automatically suitable for parole on condition that there are no significant changes in the inmate's status. Id. On August 10, 2007, the Commission concurred with the examiner's recommendation, denied Plaintiff parole, and continued him for reconsideration until 2012. Id., Ex. J.

## **LEGAL BACKGROUND**

Enacted on August 5, 1997, the National Capital Revitalization and Self-Government Improvement Act ("Revitalization Act") terminated the Parole Board. It directed the Commission to "assume the jurisdiction and authority of the Parole Board of the District of Columbia to grant and deny parole . . . in the case of any imprisoned felon who is eligible for parole or reparole under the District of Columbia Code." D.C. Code §§ 24-101 et seq. (2001 & Supp. 2005)). The Revitalization Act provides that the Commission, "shall have exclusive authority to amend or supplement any regulation interpreting or implementing the parole laws of the District of Columbia." Id.

The Parole Board previously conducted parole hearings in accordance with policies it adopted in 1985 and published in 1987 ("1987 Regulations"). See 28 D.C. Regs. §100 et seq. (1987) (repealed Aug. 5, 2000)). The governing statute under which these regulations were promulgated emphasized the discretionary nature of the Board's decisions:

4

> Whenever it shall appear to the Board of Parole that there is
> a reasonable probability that a prisoner will live and remain
> at liberty without violating the law, that his release is not
> incompatible with the welfare of society, and that he has
> served the minimum sentence imposed or the prescribed
> portion of his sentence, as the case may be, the Board _may_
> authorize his release on parole upon which terms and
> conditions as the Board shall from time to time prescribe

D.C. Code § 24-204(a) (emphasis added).

The regulations declared that "the Board shall be authorized to release a prisoner on parole in its discretion after he or she has served the minimum number of term or terms of the sentence imposed or after he has served one-third (1/3) of the term or terms . . . if the following criteria [were] . . . met." First, whether the "prisoner observed substantially the rules of the institution." Second, whether there "is a reasonable probability that the prisoner will live and remain at liberty without violating law." Third, whether, in "the opinion of the Board, the release is not incompatible with the welfare of society." 28 D.C. Regs. § 200.1.

The 1987 Regulations sought to advance several objectives, including the promotion of consistent parole decision-making and assurance that the offender's incarceration was proportionate to the sentence imposed and risk posed by the offender. Plaintiff's Statement of Material Fact ("Pl's. SOMF"), Ex. 6 at 1-2. The "touchstone of the parole decision-making process...should be based on offender characteristics that have a statistically determined bearing on the offender's risk of future involvement in criminal behavior." Id. at 3. The Board created a numerical scoring system "to guide . . . [it] in making the decision whether to grant or deny parole." White v. Hyman, 647 A.2d 1175, 1179 (D.C. 1994).

5

The 1987 Regulations assessed the degree of risk posed by an offender through two pre-incarceration factors and two post-incarceration factors. In terms of pre-incarceration metrics, the Board first assigned a Salient Factor Score ("SFS"), based on six criteria.[3] The Parole Board would take this point total and adjust it in light of a type of risk Assessment. The Parole Board considered three categories of criminal conduct—use of violence, use of a weapon, and drug trafficking—as aggravating factors that could add one point to the SFS. 28 D.C. Regs. § 204, app. 2-1. Moving to post-incarceration metrics, the Parole Board reviewed an offender's Institutional Adjustment, namely if he or she committed serious disciplinary infractions while incarcerated, and then Institutional Program Participation, whether he or she demonstrated sustained achievement in prison programs, industries or work assignments. Id. While the Board would add one point to a candidate's baseline score for negative institutional behavior, it would subtract one point for program achievement. Id.

After the Parole Board tallies the parole applicant's total point score, the 1987 Regulations provide that parole could be granted for those with a 0, 1 or 2 subject to graduated levels of supervision. Those scoring between a 3 and 5 could be denied parole. Id. § 204.19. But though the scoring system was "created to guide the Board in making the decision whether to grant or deny parole, the purpose of the system . . . [was] 'to enable the Board to exercise its discretion.'" White, 647 A.2d at 1179 (quoting 28 D.C. Regs. § 204.1). The numerical tally "is not a rigid formula." McRae v. Hyman, 667 A.2d 1356, 1361 (D.C. 1995). Departures are

---

[3] The factors were: (1) prior convictions and adjudications; (2) prior commitments of more than thirty days; (3) age at commission of current offense; (4) recent commitment-free period; (5) status of prisoner at time current offense; and (6) history of heroin or opiate dependence. 28 D.C. Regs. § 204.4; see also Fletcher v. Reilly, 433 F.3d 867, 871 (D.C. Cir. 2006).

permissible.  The scoring system did not change the extent of the Board's discretion, providing

"no more than 'flexible guideposts for use in the exercise of discretion.'"[4]  McRae, 667 A.2d at

1359 (quoting Davis v. Henderson, 652 A.2d 634, 637-38 (D.C. 1995)); see also Ellis v. Dist. of

Columbia, 84 F.3d 1413, 1420 (D.C. Cir. 1996) (holding that numerical scores under the

regulations "do not give any prisoners a liberty interest in parole").

     As the D.C. Circuit has explained, the 1987 Regulations "explicitly authorize the Board

to disregard the numerical guidelines simply by referring to 'the specific aggravating or

mitigating factors as stated in Appendices 2-1 and 2-2."  Ellis, 84 F.3d at 1419 (quoting 28 D.C.

Regs. § 204.1).  The Parole Board could cite "other change in circumstances" regarding post-

incarceration factors or "other" under pre-incarcerations factors to depart from the point system.

28 D.C. Regs. § 204, app. 2-1.  "A prisoner with a low total point score shall be granted parole

unless the Board, in the exercise of its discretion, believes there is some other reason for not

granting him parole."  Ellis, 84 F.3d at 1419 (noting also that the Parole Board "invoked the

residual category of 'other' as the basis for denying parole" to lead plaintiff Michael Ellis).

     In "unusual circumstances," the Parole Board  had the authority to "waive the SFS and

the pre and post incarceration factors . . . to grant or deny parole to a parole candidate."  28 D.C.

Regs. § 204.22.  The Board identified several  factors under which it could find a degree of risk

that rose to the level of "unusual circumstances": (1) repeated failure under parole supervision;

(2) the current offense involves ongoing criminal behavior; (3) lengthy history of criminally

related alcohol abuse; (4) history of repetitive and sophisticated criminal behavior; (5) unusually

---

[4] Indeed, the Board's regulations were amended in 1994 by changing the word "shall" to "may" in several sections, including 204.19.  See Technical Amendments Act of 1994, D.C. Act 10-302, § 52(c)-(f), 41 D.C. Reg. 5193, 5203.

serious prior record of at least five felony convictions; or (6) the crime involved unusual cruelty

to victims. 28 D.C. Regs. § 204, app. 2-1. Each provision gave the Parole Board additional

discretion when deciding whether to grant or deny parole.

To ensure more consistent application of the 1987 Regulations, the Board in 1991

promulgated a policy guideline that provided more precise definitions of key terms ("1991

Guideline"). Pl's SOMF, Ex. 12 at 1. It further explained the post-incarceration factors of

"negative institutional behavior"[5] and "sustained  program or work assignment achievement,"[6] as

well as established three additional "unusual circumstances" meriting departure from the total

point score: (1) repeated or extremely serious negative institutional behavior; (2) lengthy history

of criminally-related substance abuse; and (3) absence of community resources to ensure safety

of the community. Id. at 1-9.

Following passage of the Revitalization Act, the Commission formulated new parole

regulations and guidelines ("2000 Regulations"), which apply to D.C. offenders. 28 C.F.R. §

---

[5] The 1991 Guideline defined "negative institutional behavior" in initial parole
consideration cases as: (1) a single Class I Offense for murder, manslaughter, kidnaping, armed
robbery, or first degree burglary at any time during the minimum sentence; (2) a single Class I
Offense during the twelve months preceding the hearing or during the last half of the minimum
sentence up to a period of three years, whichever is longer; and (3) two Class II Offenses, as
defined under 28 D.C. Regs. 503.2-.12, during the same period. 28 D.C. Regs. § 204, app. 2-1.

[6] The 1991 Guideline defined "sustained  program or work assignment achievement" in
an initial parole consideration case as: (1) successful completion of one or more educational or
vocational programs or program levels, which helped the offender develop a job-related or
academic skill, or reach a higher level of difficulty or skill in the program area; (2) award of a
GED if the offender possessed the prerequisite skills for participation in the program at the time
of his incarceration; (3) award of an Associate's or Bachelor's degree; (4) successful completion
of one or more short-term special needs programs; or (5) satisfactory participation in one or more
work details for at least one-third of the period of incarceration. D.C. MUN. REGS. tit. 28, § 204,
app. 2-1.

2.80 *et seq*. The 2000 Regulations mirror the 1987 set in calculating a Salient Factor Score and assessing a candidate's type of risk. These factors are weighed to arrive at a base point score from which a base guideline range of months might be added before an offender's reconsideration for parole. The Commission then increases or decreases the amount of time in accordance with superior program achievement and negative institutional behavior. 28 C.F.R. § 280(a)-(m). Also like the 1987 Regulations, the Commission can, "in unusual circumstances, grant or deny parole to a prisoner notwithstanding the guidelines." 28 C.F.R. § 280(n)(1).

## SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be entered if it is shown that there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). All reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The "evidence of the non-movant is to be believed." Id. In responding to a motion for summary judgment, the adverse party must "set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2); see also Celotex, 477 U.S. at 324.

9

**ARGUMENT**

A.    ***Ex Post Facto* Jurisprudence**

The *Ex Post Facto* Clause bars retroactive increases in punishment for crimes that have been committed.  U.S. Const. art. I, §10, cl. 1; Collins v. Youngblood, 497 U.S. 37, 42 (1990). "Retroactive changes in laws governing parole of prisoners, in some instances, may be violative of this precept." Garner v. Jones, 529 U.S. 244, 250 (2000) (citations omitted).  Prisoners raising such a claim must demonstrate that the revised parole regulations create "a significant risk" of "a longer period of incarceration than under the earlier rule." Id.

Although Garner noted that a facial showing of marked differences between the two policies—changes that "increas[e] the penalty by which a crime is punishable"—would help to establish "significant risk," see id. (quoting California Dep't of Corrections v. Morales, 514 U.S. 499, 506-07, n.3 (1995)),  the D.C. Circuit has clarified that the "controlling inquiry 'is one of practical effect.'" Fletcher v. Reilly, 433 F.3d 867, 877 (D.C. Cir. 2006) (quoting Fletcher v. District of Columbia, 391 F.3d 250, 251 (2004)); see also Sellmon v. Reilly, 2008 WL 1933759, at *16 (D.D.C. May 5, 2008).  "A district court," therefore, "must assess the magnitude of the risk in terms of the practical effect of the change in regulations on the length of a petitioner's incarceration." Fletcher v. Reilly, 433 F.3d at 877.  In the instant case, Plaintiff must show that, as applied to his case, the "practical effect" of application of the Commission standards rather than those of the Parole Board imposed a "significant risk" of extended incarceration.[7] Sellmon,

---

[7]    Plaintiff can only bring an ex post facto claim based on regulations in place at the time he committed his offenses.  In  the instant case, Plaintiff committed his crimes on May 23, 1990 and March 19, 1992, well after the 1987 regulations were promulgated.  Notably, the earlier of these two crimes was committed before the 1991 regulations were passed.

10

2008 WL 1933759, at *16.

**B.    The Undisputed Facts Show that Defendants' Denial of Plaintiff's Application for Parole Based on Commission Regulations Rather than the Parole Board's did not Create a Significant Risk of Increased Incarceration**

Plaintiff has not demonstrated that the use of the Commission's 2000 regulations at his initial parole hearing, significantly increased the risk of his incarceration. Plaintiff's primary argument is that the Commission significantly increased the risk of his incarceration when an offense severity factor of 6 was added to the SFS, thereby disadvantaging his prospect for parole. Plaintiff's S.J. Memorandum at 15-16. Plaintiff has failed to demonstrate how he would have been found suitable for parole if the Commission had used the Parole Board's regulations instead of its own. A cursory application of the Parole Board's SFS considerations strongly suggests that Plaintiff would not have been found suitable for parole under the Parole Board's numerical factors. It appears Plaintiff would have received an SFS of four. First, Plaintiff has two or three prior convictions or adjudications (one point). 28 D.C. Regs. § 204, app. 2-1. Second, Plaintiff has one or two prior commitments of more than thirty days (one point). Id. Third, Plaintiff was approximately 22 years old at the time of the current offense (one point). Id. Fourth, Plaintiff has a prior commitment of more than thirty days at least three years prior to the current offense (zero points). Id. Fifth, Plaintiff was on probation at the time of the current offense (zero points). Id. Sixth, Plaintiff has no history of heroin/opiate dependence (one point). Id.

In addition, it appears another point would have been added for violence, weapons and drug trafficking. Id. One point would have been subtracted for program achievement because Plaintiff's institutional program participation had been significant. Id. He successfully

11

completed educational and vocational programs that have both developed academic and job-related skills as well as enabled Plaintiff to progress to a higher level of skill in a specified area qualify as sustained program or work assignment achievements.  28 D.C. Regs.  § 204, app. 2-1. For example, Plaintiff  completed an African American Studies program and Vocational Electric and Plumbing Training.  See Ex. I at 2-4.  Ultimately, Plaintiff's Total Point Score would have been a 3 or 4 overall, making him unsuitable for parole even under the Parole Board's regulations.  With a Total Point Score of four, the 1987 regulations call for denial of parole at initial hearing and a rescheduling of a rehearing.

In addition, because Plaintiff committed crimes prior to the 1991 amendment to the parole regulations, Plaintiff has not presented any facts to demonstrate that he would be entitled to the additional protections offered by the Parole Board's revisions to its regulations in 1991. However, Plaintiff would be entitled to any alleged benefits that the 1987 guidelines confer but, in this case, it does not appear that Plaintiff would have satisfied even the threshold SFS.

Any differences between the Parole Board and the Commission's numerical calculations of suitability do not necessarily benefit Plaintiff because his criminal conduct makes him unsuitable for parole at his initial hearing.  For example, although the Parole Board and the Commission add points for type of risk, the Commission differs in that it adds more points when the type of risk consideration involves the death of a victim.  Similarly, negative institutional behavior other than murder, manslaughter, kidnapping, armed robbery or first degree burglary are counted against prisoners by the Commission and to a lesser degree by the Parole Board. Nevertheless, these differences are of no moment because Plaintiff would have been numerically unsuitable for parole anyway.  Id.; see Ex. I at 1-2.

12

Accordingly, since Plaintiff cannot demonstrate that use of the Commission's 2000 Regulations instead of the Parole Board's 1987 Regulations significantly increased the risk of his prolonged incarceration, he is not entitled to summary judgment.  Conversely, the undisputed facts suggest that Plaintiff would likely have earned a score of 3 or 4 under the Parole Board's test, which would have necessitated a setoff to a subsequent hearing.

> **c.    The Parole Board could have exercised discretion under the 1987 Regulations to deny Plaintiff parole regardless of his numerical score**

Even if Plaintiff's score under the 1987 Regulations suggested that he could have been granted parole (i.e., a score of 0, 1 or 2), Plaintiff  fails to show that the Commission or the Parole Board could not have departed from those guidelines to deny his parole.  The Parole Board possessed significant discretion in deciding whether or not to grant parole.  Both the Commission and the Parole Board could have exercised discretion to deny Plaintiff's parole application.  Because the Parole Board's regulations, like the Commission's 2000 Regulations did not have the practical affect of increasing significantly the risk of a lengthier period of incarceration, Plaintiff has failed to carry his burden and this Court should deny both his Motion and grant Defendants' motion instead.

Under the 1987 Regulations, the Commission was not compelled to follow the point system and could—as the Parole Board often did—depart from the numerical score presumption. It had the authority to grant or deny parole based on "other" pre-incarceration factors, "other" changes in circumstances" concerning post-incarceration factors or "unusual circumstances."  28 D.C. Regs. § 204, app. 2-1.  When evaluating changes to parole guidelines between 1998 and 2000, the Commission found, in a sample of 100 cases the Parole Board decided in 1997, that

13

over half of them resulted in upward departures.  63 Fed. Reg. 39172, 39172 (July 21, 1998).

The D.C. Court of Appeals also decided several cases during the period between 1991 and 1998

illustrative of the Board's frequent exercise of discretion.  See e.g., White, 647 A.2d at 1177

(upholding denial of parole because of negative institutional behavior including escape from

work-release program); Davis, supra, 652 A.2d at 634-35 (upholding denial of parole given

offender's negative institutional behavior including escape from a halfway house); McRae, supra,

667 A.2d at 1361 (upholding departure because of history of criminally related alcohol abuse,

extensive prior record, unusual cruelty to victims, and repeated failure under supervision); Smith

v. Quick, 680 A.2d 396, 398 (D.C. 1996) (upholding departure given history of assaultive

criminal behavior and offender's need for rehabilitation); Hall v. Henderson, 672 A.2d 1047,

1056 (D.C. Cir. 1996) (upholding increase in the length of set-off time because of the "unusual

cruelty" of the offense).

Even if the Parole Board awarded Plaintiff a score of 2 or three, he was *not* guaranteed

parole because departure from the numerical guidelines was justifiable under the Parole Board's

regulations.  Specifically, on June 7, 1990, Plaintiff was convicted of assault with a dangerous

weapon and sentenced to one year probation.  Defs' SOMF, Ex. H at 1.  On May 23, 1990,

Plaintiff was convicted of attempted distribution of cocaine.  Id.  On September 19, 1990,

Plaintiff was convicted of carrying a pistol without a license and sentenced to 120 days.  Id.  For

the current offense, Plaintiff was sentenced to 45 years for carrying a pistol without a license,

possession of a firearm during a crime of violence or dangerous offense, and manslaughter while

armed.  Id.  Plaintiff stated that he took a life because of "disrespect" during a craps game.  See

Ex. I at 1.  Plaintiff was additionally sentenced to 12 years for attempted distribution of cocaine

as a result of his probation violation. <u>Ex.</u> H at 1. Plaintiff's aggregate sentence is 57 years. <u>Id.</u>

In light of Plaintiff's criminal history, the Commission could have concluded that it should depart from the guidelines and deny parole because of "Other" adverse pre-incarceration factors.[8] Plaintiff's prior record evinces a dangerous pattern of violence and involvement in drug trafficking. As the Presentence Report noted, Plaintiff "seems to have significantly involved himself with the illicit drug trade" and previously disregarded court imposed obligations while continuing to carry weapons. Defs' SOMF, <u>Ex.</u> B. Plaintiff also appears to have shown no remorse for his actions. <u>Id., Ex.</u> I at 1, 3-4.

Furthermore, the Commission could have found that Plaintiff's criminal past fell under the "unusual circumstances" provision. Plaintiff has a history of repetitive and sophisticated criminal behavior, which consists of "three (3) or more convictions, including the current conviction," for: (a) serious crimes involving premeditation or methodical planning or (b) assaultive or fraudulent criminal behavior. D.C. MUN. REGS. tit. 28, § 204, app. 2-1. Plaintiff's June 7, 1990 conviction for assault with a dangerous weapon falls under (b); plaintiff's May 23, 1990 conviction for attempted distribution of cocaine falls under (a), especially given his September 19, 1990 conviction for carrying a pistol without a license; and plaintiff's current conviction for carrying a pistol without a license, possession of a firearm during a crime of violence or dangerous offense, and manslaughter while armed, clearly falls under (b).

---

[8] It should be noted that the Commission has sole discretion in determining whether or not to grant parole, and its decisions are committed to agency discretion under the APA. 18 U.S.C. § 4218(d). Federal courts cannot second-guess an agency's actions unless they are arbitrary, capricious or manifestly contrary to the statute. <u>See</u> <u>Chevron v. Natural Res. Def. Council</u>, 467 U.S. 837, 844 (1984).

15

The Parole Board and Commission could also have cited the "unusual circumstance" of Plaintiff's ongoing criminal behavior. The latter requires (a) continued criminal activity over sustained periods of time; (b) a leadership role in an organized criminal venture, such as a drug distribution operation; or (c) a criminal record where the current conviction is at least the third conviction for substantially similar offenses or at least the fourth conviction for dissimilar offenses. 28 D.C. Regs. § 204, app. 2-1. Plaintiff's record includes three convictions for the related offenses of illicit firearm possession and dangerous assaults. When his offense for attempted distribution of cocaine is added, Plaintiff was convicted of four offenses that are not necessarily related. In one presentence report, the officer noted that Plaintiff seemed to be "significantly involved [] with the illicit drug trade. [Plaintiff] first was convicted of a felony drug offense, and then continued to carry weapons. [Plaintiff's] disregard for Court imposed obligations is of concern...and perhaps he is more involved in the illicit drug trade than one would assume." Defs' SOMF, Ex. B. Accordingly, under subsection (b) of the departure provisions, the record suggests the Commission might have determined that Plaintiff assumed a leadership position in a cocaine distribution operation. Defs' SOMF Ex. H.

Because several bases for a departure denying Plaintiff parole were available under the 1987 regime, Plaintiff cannot demonstrate that application of the Commission's 2000 Regulations significantly increased the risk that he would serve additional time. The Commission could and probably would have used its discretion to deny Plaintiff parole based on a departure just as the Parole Board could also. Accordingly, Plaintiff is not entitled to judgment as a matter of law on these facts. Rather, the undisputed facts and law indicate that judgment should be entered for Defendants.

16

It is noteworthy that Plaintiff's contention that he would have been found numerically suitable for parole and that the Parole Board would not have departed from their numerical guidelines is the kind of speculation and conjecture that has been expressly rejected by the courts. See California Dep't of Corrections v. Morales, 514 U.S. 499, 513 (1995) (rejecting claims that the Court characterized as "speculative and attenuated"); Richardson v. Penn. Board of Probation and Parole, 423 F.3d 282, 284 (3d Cir. 2005) (plaintiffs must not only prove that some "speculative and attenuated" risk of punishment exists, but plaintiffs must establish that there is a significant risk of increased punishment for their own particular cases).

### d. The parole rehearing set-off time imposed by the Commission does not create a significant risk of lengthening his imprisonment

The Commission's decision to continue Plaintiff to a reconsideration in 2012 fell squarely within its discretion under the Parole Board's policies.  For "prisoners serving terms of five or more years," the regulations state, reconsideration "shall ordinarily occur within twelve (12) months."  28 D.C. Regs. § 104.2.  But "[n]otwithstanding . . . this section, the Board may order a parole reconsideration date it determines to be appropriate."  28 D.C. Regs. §100 104.11.  The Parole Board's 1992 guidelines required reconsideration dates to be established "within the prescribed set-offs unless certain factors support imposition of an alternative set-off."  See Board of Parole, Policy Guidelines § VI(A)(1) (April 27, 1992).  The Board had the flexibility to schedule a later reconsideration date if one or more of the aforementioned "unusual circumstances" or other, unspecified aggravating factors were present.  Id. at § VI(A)(1)-(2). Reviewing these regulations, the D.C. Court of Appeals found that they reflected rather than limited the discretion of the Parole Board.  See Hall, 672 A.2d at 1053-54 (determining also that

17

the regulations conferred no liberty interest in a specified set-off date after the Board scheduled plaintiff for a five-year reconsideration); see also Stevens v. Quick, 678 A.2d 28, 31-32 (D.C. 1996) (same); Blair-Bey v. Quick, 151 F.3d 1036, 1047-48 (D.C. Cir. 1998) (same).

Just as the Commission would have probably departed from the numerical scoring system to deny Plaintiff parole, it would have probably cited an aggravating factor undergirding this decision for a setoff until 2012.  That rehearing date is reasonable and within the Board's discretion given the extant criminal record.  Once again, Plaintiff cannot establish that by applying its 2000 Regulations rather than the Parole Board's rules and policies he experienced a significant risk.  Accordingly, Plaintiff fails to demonstrate that the Commission violated the Ex Post Facto Clause.  Besides, Plaintiff has a right to seek a parole hearing when circumstances change.  28 CFR §2.27 or 2.28.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Motion for Summary Judgment and grant Defendants' Cross-Motion for Summary Judgment.


                    ____/s/_____
                    JEFFREY A. TAYLOR, D.C. BAR # 498610
                    United States Attorney

                    ____/s/_____
                    RUDOLPH CONTRERAS, D.C. BAR # 434122
                    Assistant United States Attorney

                    ___/s/_____
                    KENNETH ADEBONOJO
                    Assistant United States Attorney
                    United States Attorney's Office, Civil Division
                    555 4th Street, N.W., Room E4210
                    Washington, D.C. 20530
                    (202) 514-7157

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ERNEST D. SMITH** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    Civil Action No. 07-1934 (RMC) |
| | ) |
| **EDWARD F. REILLY, <u>et al.</u>,** | ) |
| | ) |
| **Defendants.** | ) |

<u>**ORDER**</u>

UPON CONSIDERATION of the Defendants' Cross-Motion for Summary Judgment and

Opposition to Plaintiff's Motion for Summary Judgment, support thereof, the grounds stated

therefor and the entire record in this matter, it is by the Court this ____ day of _____,

2008, hereby

ORDERED that Defendants' Cross-Motion for Summary Judgment be and hereby is

granted and Plaintiff's Motion for Summary Judgment is denied; and it is

FURTHER ORDERED that Plaintiff's complaint is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

Kenneth Adebonojo
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530

Ernest D. Smith, Pro se
Reg. No. 11565-007
U.S.P. Lewisburg
P.O. Box 1000
Lewisburg, PA
17837

## CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing Defendants' Opposition to Plaintiff's

Motion for Summary Judgment and Cross-motion for Summary Judgment, Supporting

Memorandum, Statement of Material Facts and Counter-statement to be served by first class mail

upon *pro se* plaintiff at:

Ernest D. Smith, Pro se
Reg. No. 11565-007
U.S.P. Lewisburg
P.O. Box 1000
Lewisburg, PA
17837


on this 3rd day of July, 2008.           ____/s/_____
                                          KENNETH ADEBONOJO
                                          Assistant United States Attorney
                                          United States Attorney's Office
                                          Civil Division
                                          555 4th Street, N.W. – Room 4210
                                          Washington, D.C. 20530
                                          (202) 514-7157

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ERNEST D. SMITH** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 07-1934 (RMC)** |
| | ) | |
| **EDWARD F. REILLY, <u>et al.</u>,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' STATEMENT OF MATERIAL FACTS IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Civil Rule 7(h) Edward F. Reilly, Jr., Chairman, United States Parole Commission ("Commission"), Cranston J. Mitchell, Deborah Spagnoli, Patricia Cushwa and Isaac Fulwood, Jr., Commissioners, USPC, in their official capacities (collectively "Defendants") hereby submit this Statement of Material Facts in support of Defendants' Cross-motion for summary judgment.

1.     Plaintiff is currently serving an aggregate 57-year D.C. Code prison sentence imposed in Superior Court, Case Nos. F-610-90, F-4505-92, and F-4503 for his convictions for attempted distribution of cocaine, carrying a pistol without a license, possession of a firearm during a crime of violence and manslaughter while armed.  <u>Ex.</u> A.

2.     Plaintiff has a criminal past beginning with a February 22, 1989, juvenile charge of assault with a dangerous weapon.  <u>Ex.</u> B.  Plaintiff was sentenced to one year probation on this charge on June 7, 1990.  <u>Id.</u>

3.     On November 20, 1989, Plaintiff was charged with possession with intent to distribute cocaine, which was not papered.  On January 16, 1990, Plaintiff was charged with

possession with intent to distribute cocaine, attempted distribution of cocaine and two counts of distribution of cocaine.  Id.

4.    For these charges, it appears that, on May 23, 1990, Plaintiff was placed on a two-year term of probation under the Youth Rehabilitation Act after a 120-day work-release.  Id.

5.    On April 21, 1990, Plaintiff was charged with carrying a pistol without a license.  Id.  This latter infraction did not constitute a violation of probation, because Plaintiff was still awaiting sentencing on the attempted distribution charge and Plaintiff was continued on probation.  Id.

6.    According to a presentence report on the carrying a pistol charge, Plaintiff seemed to be "significantly involved [] with the illicit drug trade. [Plaintiff] first was convicted of a felony drug offense, and then continued to carry weapons. [Plaintiff's] disregard for Court imposed obligations is of concern...and perhaps he is more involved in the illicit drug trade than one would assume."  Id.

7.    Subsequently, on or about March 19, 1992, while he was still on probation, Plaintiff was charged with carrying a pistol without a licence, possession of a firearm during a crime of violence and manslaughter while armed.  Ex. A.

8.    Plaintiff was sentenced to a term of 45 years.  Id.  In addition, Plaintiff's probation was revoked and a consecutive 4-12 year sentence imposed, for an aggregate 57-year sentence that he us currently serving.  Ex. C, H.

9.    At his parole hearing, Plaintiff "was not forthcoming at first with details regarding" the manslaughter charge.  Ex. I.

10.     Plaintiff "did not have an actual reason for killing the other individual" other than that he felt "disrespected" by the individual.  Id.

11.     It also appears that on April 26, 1992, Plaintiff might have been charged with another weapons offense.  Ex. A.

12.     Plaintiff became eligible for parole on his aggregate 57-year sentence on January 25, 2008.  Id.

13.     Prior to his eligibility date, Plaintiff applied for parole.  Ex. G.

14.      After receiving all available materials, the Commission "pre-assessed" Plaintiff's case in anticipation of his parole consideration.  Ex. H.

15.     On July 23, 2007, a parole hearing was held before a Commission hearing examiner.  Ex. I.

16.     The hearing examiner awarded Plaintiff a Salient Factor Score ("SFS") of 4 based on Plaintiff's prior convictions and adjudications, prior correctional commitment and Plaintiff's relatively young age when the crime that he was incarcerated for was committed.  Id. at 3.

17.     The examiner added another 6 points based on the type of risk Plaintiff posed.  Id.

18.     Additional adjustments were made for institutional infractions and program achievement for a total Base Point Score of 8, which corresponds to 72-96 additional months of incarceration before Plaintiff is automatically suitable for parole on condition that there are no significant changes in the inmate's status.  Id.

19.     On August 10, 2007, the Commission concurred with the examiner's recommendation, denied Plaintiff parole, and continued him to a five-year reconsideration in 2012.  Ex. J.

3

20.    Plaintiff has not demonstrated that application of the Parole Board's Regulations created a significant risk of increased incarceration.

July 3, 2008                              Respectfully Submitted,

                                         __/s/_____
                                         JEFFREY A. TAYLOR, D.C. BAR # 498610
                                         United States Attorney


                                         __/s/_____
                                         RUDOLPH CONTRERAS, D.C. BAR #434122
                                         Assistant United States Attorney


                                         ___/s/_____
                                         KENNETH ADEBONOJO
                                         Assistant United States Attorney
                                         555 Fourth Street, N.W.
                                         Washington, D.C.  20530
                                         (202) 514-7157
                                         kenneth.adebonojo@justice.com

4



```
5H     PAR5C  540*23 *            SENTENCE MONITORING              *    06-11-2007
  PAGE 001              *         COMPUTATION DATA            *    10:44:48
                                 AS OF 06-11-2007
```

REGNO..: 11565-007 NAME: SMITH, ERNEST DERRICK


```
FBI NO..........: 297025LA5          DATE OF BIRTH: 04-28-1971
ARS1............: LEW/A-DES
UNIT............: UNIT 3              QUARTERS.....: J02-224U
DETAINERS.......: NO                 NOTIFICATIONS: NO
```

PRE-RELEASE PREPARATION DATE: 10-18-2029

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE: 04-18-2030 VIA MAND PAR

-------------------CURRENT JUDGMENT/WARRANT NO: 010 ------------------------

```
COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F610-90D
JUDGE..........................: KOLLAR-KOTELLY
DATE SENTENCED/PROBATION IMPOSED: 05-23-1990
DATE PROBATION REVOKED..........: 10-08-1993
TYPE OF PROBATION REVOKED.......: REG
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 08-20-2002
HOW COMMITTED...................: PROBATION VIOL (US OR DC CD)
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:
```

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

-------------------CURRENT OBLIGATION NO: 010 ------------------------
OFFENSE CODE....:  620
OFF/CHG: 33-549 ATTEMPTED DISTRIBUTION OF COCAINE CT.D

```
   SENTENCE PROCEDURE.............: DC GTCA ADULT SENTENCE
   SENTENCE IMPOSED/TIME TO SERVE.:    12 YEARS
   MINIMUM TERM...................:     4 YEARS
   RELATIONSHIP OF THIS OBLIGATION
    TO OTHERS FOR THE OFFENDER....: CS
   DATE OF OFFENSE................: 01-16-1990
```

G0002      MORE PAGES TO FOLLOW . . .


EXHIBIT
A



```
5H     PAR5C  540*23 *            SENTENCE MONITORING        *   06-11-2007
PAGE 002            *            COMPUTATION DATA       *   10:44:48
                                 AS OF 06-11-2007
```

REGNO..: 11565-007 NAME: SMITH, ERNEST DERRICK

```
-------------------CURRENT JUDGMENT/WARRANT NO: 020 -------------------

COURT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER..................: F4505-92C,D,E
JUDGE..........................: LONG
DATE SENTENCED/PROBATION IMPOSED: 12-03-1993
DATE WARRANT ISSUED............: N/A
DATE WARRANT EXECUTED..........: N/A
DATE COMMITTED.................: 08-20-2002
HOW COMMITTED..................: DC SUPERIOR COURT COMT
PROBATION IMPOSED..............: NO
SPECIAL PAROLE TERM............:

                FELONY ASSESS  MISDMNR ASSESS  FINES      COSTS
NON-COMMITTED.:  $00.00         $00.00         $00.00     $100.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00
-------------------CURRENT OBLIGATION NO: 010 -------------------
OFFENSE CODE....:  606
OFF/CHG: 22-3204 CARRYING A PISTOL W/O LICENSE CT.C
         22-3204 POSSESSION OF F/A DURING CRIME OF VIOL/DANG OFF CT.D
         22-2405,3202 MANSLAUGHTER W/ARMED CT.E
         CTS.C,D CC TO EACH OTHER / CT.E CS TO CTS.C&D.

  SENTENCE PROCEDURE............: DC GTCA ADULT SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:   45 YEARS
  MINIMUM TERM...................:   15 YEARS
  DC MANDATORY MINIMUM TERM......:   10 YEARS
  RELATIONSHIP OF THIS OBLIGATION
   TO OTHERS FOR THE OFFENDER....: CS
  DATE OF OFFENSE................: 03-19-1992

-------------------CURRENT JUDGMENT/WARRANT NO: 030 -------------------

COURT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER..................: F4503-92B
5H    JUDGE.....................: GREENE
DATE SENTENCED/PROBATION IMPOSED: 08-18-1994
DATE WARRANT ISSUED............: N/A
DATE WARRANT EXECUTED..........: N/A


  G0002      MORE PAGES TO FOLLOW . . .
```



```
5H     PAR5C 540*23 *              SENTENCE MONITORING          *    06-11-2007
PAGE 003            *            COMPUTATION DATA           *     10:44:48
                                AS OF 06-11-2007
```

REGNO..: 11565-007 NAME: SMITH, ERNEST DERRICK

```
DATE COMMITTED...................: 08-20-2002
HOW COMMITTED....................: DC SUPERIOR COURT COMT
PROBATION IMPOSED................: NO
SPECIAL PAROLE TERM.............:
```

```
                 FELONY ASSESS   MISDMNR ASSESS   FINES          COSTS
                                                                 $20.00
NON-COMMITTED.:  $00.00          $00.00           $00.00
```

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO     AMOUNT:  $00.00

-------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  606
OFF/CHG: 22-3204 CARRYING PISTOL W/O LICENSE CT.B

```
 SENTENCE PROCEDURE.............: DC GTCA ADULT SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    10 YEARS
 MINIMUM TERM...................:    40 MONTHS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CC
 DATE OF OFFENSE................: 04-26-1992
```

-----------------------CURRENT COMPUTATION NO: 010 --------------------------

COMPUTATION 010 WAS LAST UPDATED ON 11-22-2005 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 11-22-2005 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010, 020 010, 030 010

G0002      MORE PAGES TO FOLLOW . . .



```
5H     PAR5C  540*23 *              SENTENCE MONITORING              *    06-11-2007
PAGE 004 OF 004 *                  COMPUTATION DATA            *     10:44:48
                                   AS OF 06-11-2007

REGNO..: 11565-007 NAME: SMITH, ERNEST DERRICK


DATE COMPUTATION BEGAN..........: 10-08-1993
AGGREGATED SENTENCE PROCEDURE...: DC GTC ACT ADULT AGGREGATE SENTENCE
TOTAL TERM IN EFFECT............:      57 YEARS
TOTAL TERM IN EFFECT CONVERTED..:      57 YEARS
AGGREGATE MINIMUM TERM..........:      19 YEARS
COMBINED MANDATORY MINIMUM......:      10 YEARS
EARLIEST DATE OF OFFENSE........: 01-16-1990

JAIL CREDIT.....................:      FROM DATE      THRU DATE
                                       04-26-1992    10-07-1993


TOTAL JAIL CREDIT TIME..........: 530
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 10
TOTAL SGT POSSIBLE..............: 6840
PAROLE ELIGIBILITY..............: 01-25-2008
STATUTORY RELEASE DATE..........: 08-03-2030
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: 04-25-2049

NEXT PAROLE HEARING DATE........: 07-00-2007
TYPE OF HEARING.................: INITIAL

PROJECTED SATISFACTION DATE.....: 04-18-2030
PROJECTED SATISFACTION METHOD...: MAND PAR




S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```



SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
SOCIAL SERVICES DIVISION - ADULT BRANCH

PRESENTENCE REPORT

PDID No.: 419-072
Docket No.: M-4582-90A

Re: Ernest D. Smith

Date Referred: 8-8-90

To: The Honorable Stephen F. Eilperin

Date Due: 9-17-90

From: Probation Officer Linda R. Mulford

Sentencing Date: 9-19-90

Defendant Information:
True Name: Ernest Derrick Smith

Address: 1617 Isherwood St., N.E.
#1, Washington, D.C.  20002

Aliases:  None

Tel. #: 399-6114

Age/Birthdate: 19, 4-28-71    Sex: Male

Birthplace: Washington, D.C.

Time in D.C. Area: Life

Citizenship: U.S.
Alien No.: N/A

Marital Status: Single        Dependents: None

Education: H.S. Grad. 1989

Social Security No.: 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

Permit No.: Learner's Permit only

DCDC No.: 245-853

FBI No.: 297 025 IA5

Offense, Code and Penalty: Carrying a Pistol Without a License; 22-3204; $1,000
and/or up to 1 year.

Plea: Guilty      Judgment: Guilty

Bond Status: $2,000 Surety
Posted

Detainers or Pending Charges: See Probation/Parole Section

Co-defendants:
Kenneth Simms           (Dkt No.): M-4581-90A      (Status): Sent. 9-19-90
                        (Dkt No.):                 (Status):

AUSA: Misdemeanor Section

Telephone: 514-7762

Defense Counsel: Michael Olshonsky

Telephone: 737-5176

"In accordance with the U.S. Parole Commission and Reorganization Act, Public Law
94-233, dated March 15, 1976 this report is disclosable to inmates in federal
institutions for purposes of parole consideration."

Disposition and Date: 9-19-90

EXHIBIT

B

2

**OFFICIAL VERSION:**

Metropolitan Police Report (PD163) attached.

Known Injuries or Damages:  N/A

**DEFENDANT'S VERSION:**

When asked about the circumstances surrounding the commission of the present offense, the defendant stated, "we was just going out one night and you know how everybody carries a gun these days.  I guess it was just to be cool.  We bought it off the street."

**PRIOR CRIMINAL RECORD:**

Juvenile, Washington, D.C.

| Date | Charge | Disposition | Verified |
|------|--------|-------------|----------|
| 2-22-89 | Assault With a Dangerous Weapon J-677-89A | 1 yr. prob. 6-7-90 | DCSC, DC Juv. |

Adult, Washington, D.C.

| Date | Charge | Disposition | Verified |
|------|--------|-------------|----------|
| 11-20-89 | UCSA, Possession With Intent to Distribute Cocaine | No Papered 11-20-90 | DCSC |
|  | F-13343-89A |  |  |

3

**PRIOR CRIMINAL RECORD:** (continued)

| Date | Charge | Disposition | Verified |
|------|--------|-------------|----------|
| 1-16-90 | UCSA, Distribution of Cocaine F-610-90A | Indicted 1-24-90. Closed. | DCSC |
| | UCSA, Distribution of Cocaine Ct. B | Plea to lesser included offense 3-6-90 | DCSC |
| | UCSA, Possession With Intent to Distribute Cocaine Ct. C | Dismissed 5-23-90 | DCSC |
| | UCSA, Attempted Distribution of Cocaine Ct. D | 15 yrs. (YRA 803-b) ESS to all but 120 days work release; 2 yrs. prob. (YRA 803a) 5-23-90 (prob. to commence upon release) | DCSC, Prob. Rec. |
| 4-21-90 | Carrying a Pistol W/O a License M-4582-90A | Instant Offense | DCSC |
| | Unregistered Firearm (2 counts); Unlawful Ammunition (2 counts) Cts. B-E | Nolle Prosequi 8-8-90 | DCSC |

4

PROBATION/PAROLE/PRE-DISPOSITION ADJUSTMENT:

Most recently, the defendant was placed on a two year term of probation under the Youth Rehabilitation Act on 5-23-90, following 120 days work release, in docket F-610-90D, for the offense of UCSA, Attempted Distribution of Cocaine.  Mr. Smith is being supervised by Probation Officer James Moore, 727-3529, but as he is on leave, this officer spoke with his supervisor, Mrs. Richert.  A Show Cause Hearing was held on 7-20-90 before the Honorable Colleen Kollar-Kotelly, due to alleged infractions at the halfway house.  Ultimately, he was continued on this term of probation without any change in sentence.  His actual probation term commenced on 8-17-90 subsequent to release from the halfway house while this term probation is due to expire on 8-16-90. It should be noted that present offense occurred prior to disposition in docket F-610-90D, so the present offense does not represent any violation of this probation term.

EMPLOYMENT HISTORY:

The defendant's only noted employment was through the Mayor's Summer Youth Program during the summer of 1988, when he worked as a janitor at Eastern High School.  Since 10-16-89, the defendant has been enrolled in a training at Technical Electronics Solid State Training, Inc., 1400 Duke Street, Alexandria, Virginia.  Mr. Smith has presented certificates of achievement indicating that he has completed 600 hours of theory and practical training in basic electronics, which is the second of four semesters.  Mr. Smith is scheduled to complete this program in October, 1990.

SOCIAL HISTORY:

Military:

Military Branch:  None
Length of Service:  N/A
Type of Discharge:  N/A
Registered for Military:  Yes

Health:

Physical Problems:  Open heart surgery when five years old no aliment subsequently.
Mental Health Problems:  None reported - none observed
Treatment Program/Contact Person:  None reported
Address:  N/A
Time in Program:  N/A
Medications:  None reported.

5

**SOCIAL HISTORY:**  (continued)


Substance Use/Abuse:

Type of Drugs Used:  Defendant adamantly denies the use of all illicit
substances.
Period of Usage:  N/A
Test Results:  Negative 3-22-90; 4-19-90; 4-25-90; 8-27-90 (ADASA)
Most Recent Treatment:  None
Program Name/Contact Person:  N/A
Address:  N/A
Compliance:  The defendant denies the use of drugs and alcohol.


**SOURCE(S) OF INFORMATION:**

Significant Contact Person:  Lula Smith, mother
Address:  1529 Southview Drive, #103, Oxon Hill, Md.
Telephone Number:  630-4388 home, 296-8706 work


**EVALUATION AND DIAGNOSIS:**


    Ernest D. Smith is a 19 year old male who stands convicted of
Carrying a Pistol Without License in D.C. Superior Court.  The present
offense reflects the defendant's second conviction, while is presently
on a term of probation supervision for a felony drug offense.  Mr.
Smith incurred arrest for the present offense while pending sentence in
the docket he ultimately got probation on, so this does not constitute
violation of the term of probation.  As Mr. Smith was only recently
placed on probation, adjustment information is minimal at best.  Mr.
Smith was seemingly straightforward with this officer in presentation
of himself, personal background and circumstances surrounding the
commission of the present offense.  Mr. Smith has completed his high
school education, is goal oriented, in that he is pursing vocational
training in electronics, but seems to have significantly involved
himself with the illicit drug trade.  He first was convicted of a
felony drug offense, and then has continued to carry weapons.  His
disregard for Court imposed obligations is of concern to this officer
and it is felt that perhaps he is more involved in the illicit drug
trade than one would assume.  As the defendant was recently placed on a
term of probation, it is felt that perhaps he should be afforded the
opportunity to continue such.


**TREATMENT PLAN:**


        Continued participation in academic/vocational training or
        maintain full time employment.

6

**RECOMMENDATION:**

    Based on the information herein, it is respectfully recommended that the defendant be sentenced to period of probation supervision to run concurrently with his term in docket F-610-90D.


Respectfully submitted,


Linda R. Mulford
Probation Officer
879-1832


Approved by:

Supervisory Probation Officer
879-1772

UNITED STATES
VS



# Smith, Ernest D.

On 4-21-90, at 0130hrs, While stopped at the traffic light on Alabama Ave at Branch Ave SE DC, I observed a blue vehicle travelling on Branch ave pass in front of me at a high rate of speed. I pulled behind the vehicle. The vehicle slowed down, but continued at 36MPH in a posted 25MPH zone. I paced the vehicle for 1/4 mile. I made a stop of the Blue Toyota carolla 4Dr, bearing RSK-897 VA/90 at Branch ave Between Gainesville St. and Southern Ave SE DC. Upon stopping the vehicle I observed furtive movements from the right rear seat passenger. I then requested a back-up unit to respond. Sgt. Harasek arrived on the scene. I approached the vehicle and requested the driver to show a drivers license and the rental agreement. The operator produced both. The vehicle was not listed to the driver SIMMS, and he was not listed as an additional driver on the contract. For the safety of the officers, I ordered the occupants out of the vehicle. When the right front seat passenger, SMITH, exited the vehicle HARASEK observed in Plain view on the front passengers side floorboard a stainless steel pistol. Ofc. FONTAINE then arrived on the scene. HARASEK then advised all officers of the pistol on the floorboard. All occupants were then removed from the vehicle, handcuffed, and made to lay on the drivers side of the vehicle in the street. Before the four occupants could be handcuffed the right rear passenger fled on foot. I gave foot chase but was unable to catch him, I lost him in the 3300Blk of Gainesville St. Upon returning to the scene I observed Ofc. Fontaine to recover a 9MM pistol directly next to the defendant SMITH. All subjects were transported to USPP D5 for processing the transported to CCB to await their hearing.

The driver Simms was issued a citation for speeding 36MPH in a posted 25MPH zone.

Weapons recovered:

1-Davis industries 380 Auto Model P380 Ser. #AP000737, Nickel plated.
With 6 rounds in the magazine.

1- Tanfaglio 9MM auto pistol Model TA-90 Ser #G26059.
with 11 rounds in the magazine and one in the chamber.

Occupants of vehicle:
Driver- Simms, Kenneth Darnell
Front passenger-Smith, Ernest Derrick
Left rear passenger-Merritt, David NMN.

21 April 1990

Subscribed and sworn before me this          day of

(signature)                    322                    (signature)
POLICE OFFICER              BADGE              DEPUTY CLERK

Mod #4

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**          745-85

~~United States of America~~                P.S.I. Attached

~~District of Columbia~~                Case No. F-610-90 (D

vs.                    PDID No. 419-072

Ernest D. Smith

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☑ Guilty to the Charge(s) of D

Attempted Distribution of Cocaine

and having been found guilty by ☐ Jury ☑ Court, it is hereby ORDERED that the defendant has been

convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to 45 to

Count (D) Probation Revoked Four (4) to Twelve

(12) years, Consecutive to any other sentences

Note: No benefit found under Youth Act

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.

☒ MANDATORY MINIMUM term does not apply.

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for
the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and super-
vision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code
[Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division,
and it is further ORDERED that while on probation the defendant observe the following marked conditions
of probation:

   ☐ Observe the general conditions of probation listed on the back of this order.

   ☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with
      written notice from your Probation Officer.

   ☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:
      _____

   ☐ Restitution of $_____ in monthly installments of $_____ beginning
      _____ (see reverse side for payment instructions). The Court
      will distribute monies to _____
   ☐ _____

Costs in the aggregate amount of $_____ have been assessed under the Victims of Violent Crime
Compensation Act of 1981, and ☐ have ☐ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the
copy shall serve as the commitment/order for the defendant.

10/8/93                    C.H. Kittel
_____          _____
Date                      Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

10/8/93

**EXHIBIT
C**

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

*Sentence Modified*

United States of America
District of Columbia

Case No. _F - 610 - 90_

vs.

PDID No. _414 670_

*James W. Smith*   *Amended Court*   * Do Not Send
page 1 1129*

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of _____
*A - Attempt Distribution of Cocaine*

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to *Under the YRC Title 24 sec 803. B. 15 years ESS all but 120 days to be as work release in a halfway house. While in the halfway deft is to be released for training program he is enrolled and into the custody of Mr. Abram Johnson for special olympics activities. After the jail term. Deft is placed on 2 yrs supervised probation under*

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.

☒ MANDATORY MINIMUM term does not apply.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☒ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☒ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

☒ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

☐ Restitution of $_____ in monthly installments of $_____ beginning _____ (see reverse side for payment instructions). The Court will distribute monies to *Periodic drug testing, training program and for job payable through judiciary*

Costs in the aggregate amount of $ _20.00_ have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☒ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

*Effective 5-23-90*
_____
Date

_____
Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

*Attached 5-23-90*

EXHIBIT
D

SUPER___ ___URT OF THE DISTRICT O_ C_ ___MBIA

United States of America

vs.                         *106* *MAXSEC*

ERNEST D. SMITH

Case No. **F 4505-92 CDE**

PDID No. **419072**

DCDC:     **245853**

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☒ Not Guilty ☐ Guilty to the Charge(s) of ____
CT. C- CARRYING PISTOL WITHOUT LICENSE-Misd( ) Felony(✔)    Ct. E- ___

CT. D- POSSESSION OF FIREARM DURN. CRIME OF VIOLENCE OR DANGEROUS OFFENSE
and having been found guilty by ☒ Jury ☐ Court, it is hereby ORDERED that the defendant has been
convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to *C;3-9*
*years, Ct D; 5-15yrs, Ct E; 10-30*
*years.*

Concurrent with: *ea ch other*        Consecutive to: *Cts C & D*

☒ MANDATORY MINIMUM term of *CT D-5yrs Ct E-10yrs* applies to the sentence imposed.
☐ MANDATORY MINIMUM term does not apply.

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for
the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and super-
vision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code
[Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division
and it is further ORDERED that while on probation the defendant observe the following marked conditions
of probation.

☐ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with
written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

☐ Restitution of $_____ in monthly installments of $_____ beginning
_____ (see reverse side for payment instructions).  The Court
will distribute monies to _____
☐
☐

Costs in the aggregate amount of $_____ have been assessed under the Victims of Violent Crime
Compensation Act of 1981 and ☐ have ☒ have not been paid. NO( ) N/A( )

(*)TO BE PAID OUT OF INSTITUTIONAL EARNINGS: YES☐

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the
copy shall serve as the commitment order for the defendant. (*)PSI ATTACHED USMS: YES(✔) NO( ) N/A(

DEC 03 1993
Date

Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

DEC 03 1993

EXHIBIT
E

245-853

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**

MAX-90

United States of America
District of Columbia

Case No. F 4503-92 (B
PDID No. 419 072

vs.

ERNEST D. SMITH

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of _____
'B' - CARRYING A PISTOL WITHOUT A LICENSE

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been
convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _____
(40) FORTY MONTHS TO (10) TEN YEARS CONCURRENT TO ANY
OTHER SENTENCE.

_____

_____

_____

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.

☒ MANDATORY MINIMUM term does not apply.

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for
the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and super-
vision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code
[Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division,
and it is further ORDERED that while on probation the defendant observe the following marked conditions
of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with
written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

_____

☐ Restitution of $_____ in monthly installments of $_____ beginning
_____ (see reverse side for payment instructions). The Court
will distribute monies to _____
☐. _____

Costs in the aggregate amount of $ 20.00 have been assessed under the Victims of Violent Crime
Compensation Act of 1981, and ☐ have ☒ have not been paid. D-9 B-1 5-18-95

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the
copy shall serve as the commitment/order for the defendant.

8-18-94
_____
Date

_____
Judge

Certification by Clerk pursuant to Criminal Rule 32(c)
8-18-94

EXHIBIT
F

**U.S. Department of Justice**
United States Parole Commission



**Notice of Hearing-Parole Application**
**Representative an** **isclosure Request**

─────────────────────────────────────────────

Date: _4-23-07_

Name: _Smith, Ernest_

Register No: _11565-007_                    Institution: _USP, Lewisburg, Pa_

**Instructions:** This form is to be furnished to and completed by every inmate prior to every scheduled hearing before the Parole Commission. It must be furnished at least 60 days in advance of the scheduled hearings unless such 60-day notice is waived by the inmate (see No. 1 below).

─────────────────────────────────────────────

1. **Notice of Hearing:** Provided you have applied for parole in the space below, you will be given a hearing by officials of the U.S. Parole Commission on the docket of parole hearings scheduled for _____ _July_ _____
to _____ , 20_07_ .

   **If there are less than 60 days between the date of this notice and your hearing, your hearing will be postponed until the next docket of parole hearings at your institution _unless_ you initial the following waiver:**

   _____          I received this form less than 60 days from the date of my hearing. However, I hereby waive my right to 60 days
   _(Initials)_        advance notice of the hearing time and notice of my disclosure rights, and I request to be heard as scheduled.

─────────────────────────────────────────────

2. **Application:** I hereby apply for parole, or have previously applied and still wish to be paroled:

   x _Ernest J. Smith_                              _4-23-07_
           Signature                                     Date

─────────────────────────────────────────────

3. **Waiver of Parole/Parole Hearing:**

   _____   A. I wish to waive parole consideration at this time.
   _(Initials)_

   _____   B. I wish to waive my scheduled Statutory Interim Hearing and have not incurred any Institutional Disciplinary
   _(Initials)_      Committee infractions since my last hearing.

   _____   C. I wish to waive the parole effective date or presumptive parole date previously determined by the
   _(Initials)_      Commission. (Note: *A previously waived parole date will be reinstated upon reapplication, provided no new
                  adverse information exists in your case.*)

   _____   D. I wish to waive mandatory parole.
   _(Initials)_

   Note:    1. If you waive parole or a parole hearing, any subsequent application or reapplication must be submitted at least 60 days
               prior to the first day of the month in which hearings are conducted at the institution where you are then confined.
            2. Revocation hearings cannot be waived. Hearings under 28 C.F.R. 2.28 (b-f) and rescission hearings can only be
               waived by waiver of the parole effective date or presumptive parole date previously determined by the Commission.

─────────────────────────────────────────────

4. **Representative:** At your hearing you may have a representative of your choice (*e.g., family member, friend, staff member, or attorney*), who will be permitted to make a statement on your behalf at the close of the hearing. The name of your representative willing and able to appear should be written in below. Arrangements for the appearance of a representative must be made through your case manager.

   Name of Representative: _Mr Tegan Fullmer_

   **If you do not wish a representative, initial the following waiver:**

   _____   I do not wish a representative at my hearing.
   _(Initials)_

EXHIBIT
G



## D.C. Initial Prehearing Assessment
Presumptive Date Format

**Offense of Conviction :**   Carrying a Pistol Without a License; Possession of a Firearm During a Crime of Violence/Dangerous Offense; Manslaughter While Armed; Carrying a Pistol without a License.

| | | | |
|---|---|---|---|
| Name..........................: | Smith Ernest | Parole Eligibility Date.....: | 01/25/2008 |
| Reg. No.......................: | 11565-007 | Months Served at | |
| DCDC Number..............: | 245-853 | Eligibility....................: | 189 |
| PDID Number.................: | 419-072 | MR Date (2/3)................: | 08/03/2030 |
| Birthdate.....................: | 04/28/1971 | Months at MR................: | 459 |
| Examiner.....................: | Hylton Sandra G. | Full Term Date.............. : | 04/25/2049 |
| Institution...................: | Lewisburg USP | Jail Credit....................: | 530 |
| Pre-Hearing Date...........: | 07/12/2007 | In-Operative Time..........: | 0 |
| Sentence Length............: | 57 years 0 months 0 days | Fines/Restitution/..........: | $120 |
| Sentence Type...............: | Adult | | |

Detainer:  None

**Additional Text:   NA**

**Current Offense and/or Previous Parole Action :**   Research did not reveal a PSI for the sentencing offense behavior:

On 10-08-93 the subject was sentenced to 12 yeas  for Attempted Distribution of Cocaine as a result of a probation violation.
On 12-03-93 he was sentenced to 45 years for Carrying a Pistol without a License, Possession of a Firearm During Crime of Violating Dangerous Offense, and Manslaughter while Armed. On 8-20-02 the subject was sentenced to 10 years for Carrying a Pistol without  License. The subject's aggregate sentence  was 57 years.

Subsequent Offense(s):   None

**Codefendants:** Kenneth Simms- 19920-009- Sentenced to 40 months to 10 years. Paroled 9-25-05 after the service of 105 months.

## SALIENT FACTOR SCORE  (SFS-98)

| Date | Offense | Disposition of 3  most significant prior convictions: |
|---|---|---|
| 02/22/1989 | Assault With a Dangerous Weapon | 6-7-90: 1 year probation (1-0) |
| 01/16/1990 | Attempted Distribution of Cocaine | 5-23-90: 15 years (YRA 803-b).ESS to all but 120 days work release; 2 years probation (YRA 803a) (2-1) |

EXHIBIT
H

04/21/1990   Carrying a Pistol without a License          9-19-90: 120 days (3-2)

SFS Item A = 1     Subject has 3 prior convictions/adjudication.

SFS Item B = 1     Subject has 2 prior commitments of more than 30 days that were imposed prior to the last overt act of the current offense.

SFS Item C = 2     Subject was 31 years old at the commencement of the current offense and had 2 prior commitments.

SFS Item D = 0     08/20/2002 - Date of Probation Violation.
                   Unknown, but clearly less than three years before the commission of the current offense

SFS Item E = 0     Subject is a probation status violator.

SFS Item F = 0     Sum of Items A-E = 5 and the offender was 31 years old at the commencement of the current offense.

**Salient Factor Score = 4**

---

**D.C. Code Point Assignments**

Category I Points:    2     SFS is 4.    { SFS... 10-8 = 0; 7-6 = 1; 5-4 = 2; 3-0 = 3}

Category II Points:   3     Subject committed acts of violence in the current offense and felony violence in ONE prior offense.

Category III Points:  3     Current offense involved high level of violence or resulted in death of victim.

**Base Point Score = 8     Sum of Categories I, II and III**

Base Guidelines       72 - 96
(range in months):

**Negative Institutional Behavior:**   The subject has received the following DHO infractions: 12-31-02: Fighting with another Person; 1-5-04: Possessing Unauthorized Item; 7-15-02: Failing to Follow Posses Rules; 6-18-02: Possessing Contraband (fan and headphones); 4-9-02: Intentionally destroying, altering, or damaging State or another person's property.

The Hearing Examiner may access some of these charges as UDC's at the hearing.

Administrative Rescission Infractions

| Number | Type | Guidelines (range in months): |
|--------|------|-------------------------------|



| of Occurrences 5 | Non-Drug Infractions | 0 - 10 |

Total Administrative GL:    0 - 10

Criminal Rescission Behavior

| Number of Occurrences | Severity | Location | Guidelines (months) | SFS |

Total New Criminal GL:    0 - 0

**Program Achievement:** Since 2002 the subject has completed the CODE program; Ace Chess Videos, Employment information, introduction to Marketing, Business law, Real Estate and Mortgage Transactions, Understanding Fit Assessment, Retaining, Industrial Housekeeper , Ace First Aid, Adult CPR Class, Victim Impact, Commercial Drivers License, Health Fitness, African American Studies, Industrial Housekeeping, Introduction to Business, Accounting Principles, Health Awareness , Fitness Assessment, Creative Cake Decorating, Cage Your Rage, Introduction to Spanish, Total Body Fitness, Business Entrepreneurship and Mentoring. At the time of the progress report he was taking heating, air conditioning, vocational training, electrical and ACE Finance Class. *Plumber* *Challenge Prog.* *certi Pers trainer.*

Prisoner has demonstrated Superior Program Achievement for 58 months

**Guidelines (range in months):**

| | | |
|---|---|---|
| Months to Serve to PE Date .........: | 189 - | 189 |
| Base Guidelines.......................: | 72 - | 96 |
| Negative Behavior Guidelines.......: | 0 - | 10 |
| (Sum of Administrative & Criminal) | ~~264~~ | ~~295~~ |
| Superior Program Achievement GL.: | ~~19~~ | ~~19~~ |
| Total Guidelines......................: | 242 - | 276 |

**Risk:** No aggravating or mitigating risk factors are noted

**Prehearing Evaluation and Summary:**
The subject has a SFS of 5, Base Point Score of 8 with total guidelines 242 - 276 which includes a recommendation for 10 months rescission guidelines ~~and 19 months for SPA. He~~ has been incarcerated 189 months as of PE in 1-08. The subject's prior convictions consist of gun related offenses. There was not a PSI available for the current offenses and the Hearing Examiner will have to ascertain the details as best as possible at the hearing.

# HEARING SUMMARY

**Name: Smith, Ernest**                                    **Reg No: 11565-007**

## Hearing Parameters

Hearing Format ..............................: **In Person**
Hearing Type ...............................: **Initial**
Hearing Date ...............................: July 23, 2007
Examiner.......................................: Joseph M. Pacholski
Institution .....................................: Lewisburg USP

## Sentence Parameters

Sentence Type..............................: **DC Parole Eligible**
MR/Statutory Release ..................: 8/3/2030
Full Term Date..............................: 4/25/2049
Months in Custody........................: 183 as of 7/25/2007
Fines/Restitution/Assessment ......: $120
Detainer.......................................: None

**Additional text regarding the above parameters:** None

## Prior Action & Institutional Factors

**Prior Action:** See Pre-review completed by Sandra Hylton dated 7/12/2007.

---

**Codefendants:** See Pre-review dated December 12, 2007 for Kenneth Sims who was paroled on 9/25/2005 after the service of 105 months.

**Representative & Representative's Statement:** Doug Contri Psychologist and Coordinator of the Challenge Program. Also representing was T. Follmer, Teacher of a Vocational Training Program.

**Prisoner's Statement:** The subject admitted to taking somebody's life however was not forthcoming at first with details regarding the offense. Even after the subject described the offense at best did not have an actual reason for killing the other individual other than the other individual was looking for him. The subject stated that the behavior was not triggered by a drug trade relationship and that it was just another individual in the neighborhood who heard a disrespectful term come from our subject in a crap game.

## Disciplinary Infractions

**No. 1 - BOP Incident Report No.** 1056927
    **Description of Behavior:** Fighting (Code 201).
    **Prisoner's Response:** Admits.

**Smith, Ernest, Reg. No. 11565-007**                    **Page 1 of 4**

**EXHIBIT**
**I**

 

**Findings of Fact:** This examiner finds that the subject violated the rules of the institution as indicated in the above violation.
**Basis:** Your admission to the examiner at the hearing and your DHO finding dated 12/31/2002.
**Rescission Guideline: 0-2 months.**

**No. 2 - BOP Incident Report No. N/A**
    **Description of Behavior:** Failed to Follow Posted Orders.
    **Prisoner's Response:** Admits.
    **Findings of Fact:** This examiner finds that the subject violated the rules of the institution as indicated in the above violation.
    **Basis:** Your admission to the examiner at the hearing and your finding of guilt in front of a Hearing Officer on 7/24/2002.
    **Rescission Guideline: 0-2 months.**

**No. 3 - BOP Incident Report No. N/A**
    **Description of Behavior:** Possession of Contraband.
    **Prisoner's Response:** Admits. The subject stated that when people would leave to go to the Federal Institution they would leave property behind and give it to other individuals. The subject was in possession of the fan and headphones.
    **Findings of Fact:** This examiner finds that the subject violated the rules of the institution as indicated in the above violation.
    **Basis:** Your admission to the examiner at the hearing and DHO finding dated 6/9/2002.
    **Rescission Guideline: 0-2 months.**

**No. 4 - BOP Incident Report No. N/A**
    **Description of Behavior:** Intentionally Destroying or Altering Damaged Property.
    **Prisoner's Response:** Admits.
    **Findings of Fact:** This examiner finds that the subject violated the rules of the institution as indicated in the above violation.
    **Basis:** Your admission to the examiner at the hearing and DHO finding dated 4/23/2002.
    **Rescission Guideline: 0-2 months.**

**No. 5 - BOP Incident Report No. N/A**
    **Description of Behavior:** Altering or Destroying Property.
    **Prisoner's Response:** Admits.
    **Findings of Fact:** This examiner finds that the subject violated the rules of the institution as indicated in the above violation.
    **Basis:** Your admission to the examiner at the hearing and the finding on 6/8/2002.
    **Rescission Guideline: 0-2 months.**

**Program Achievement:** Since 2002 the subject has completed the CODE Program, Chess Video, Informational Employment Video, Introduction to Business Law, Real Estate, Mortgage Transactions, Understanding Fitting, Retaining Industrial Housekeeping, First Aid Adult CPR, Victim Impact, CDL, Health Fitness, African American Studies, Industrial Housecleaning, Introduction to Business and Accounting Principles, Health Awareness, Fitness Assessment, Creative Cake Decorating, Cage Your Rage, Introduction to Spanish, Total Body Fitness, Business Entrepreneurship and Mentoring, Vocational Electric and Plumbing Training and the Challenge Program.

 

The subject currently is still in the Vocational Training Program for Heating and Air Conditioning the subject plans to complete that in the fall of 2008.

**Release Plans:** The subject plans to release to his mother in Suitland, MD. Upon release the subject plans to work in the Heating and Air Conditioning field.

<u>**Guideline Parameters, Evaluation & Recommendation**</u>

**Salient Factor Score:** 4
**Base Point Score:** 8

**Modifications From Prehearing:** This examiner would note that the subject was 22 years of age at the time of offense and that Item C was changed to a 2 from a 3. The subject is in the second tier category.

**Salient Factor Score Items**
   1 - Item A
   1 - Item B
   2 - Item C
   0 - Item D
   0 - Item E
   0 - Item F

   **Total SFS: 4**

Category II (Current or Prior Violence): ...............................3 points
Category III (Death of Victim or High Level Violence):   3 points

Base Point Score Guideline Range: ................................72-96
Months to Parole Eligibility Date: ..............................189-189
Disciplinary Guideline SINCE Last Hearing: ...................0-10
Superior Program Achievement SINCE Last Hearing: ..12-12
Total Guideline Range: ..............................................249-283

**Evaluation:** This examine would note that the subject has programmed well since he has been incarcerated. The subject has completed a number of Vocational Training Programs including the Challenge Program to deal with his drug behavior. This examiner believes that a decision at the top of the guidelines for the offense is appropriate because the subject explained the offense as if was carrying a pistol to protect himself for when this individual comes after him instead of using the legal terms in order to protect himself thus, not calling the police. It is understandable that the subject did not call the police because he was acting in the drug trade in Washington, DC. This examiner would note that a 12 months Superior Program Achievement Award should be given because of the courses that the subject has completed which include the CODE and Challenge Programs, his Business and Accounting Principle Courses and his continued Education and the Vocational Training Program. This examiner would note that the subject will not complete that program until fall of 2008 however; some of his behavior should be given the Superior Program Achievement due to the fact that the subject has remained incident report free for a period of time since he's been in the Federal System. The last incident report in the Federal System is dated 12/7/2002.

 

This examiner believes that the subject should be given a decision at the top of the guideline range at 283 months however this not comply with the US Parole Commission's guidelines of which this examiner believes the subject should be given a 60 month Reconsideration Hearing in July, 2012. The subject at that point would be at 243 months which is below the 249 below the guidelines. This examiner still believes a top of the guideline decision is appropriate in this case and a Superior Program Achievement Award may be warranted at the next hearing if the subject continues Vocational Programming and remain incident report free.

**Recommendation:** Schedule for a Reconsideration Hearing in July of 2012.

**Conditions:** Drug Aftercare.

**Statutory Interim Hearing:** July, 2009.

**Guideline Use:** A departure from the guidelines at this consideration is not warranted.

**Additional Text:** None.

[Signature]


JMP/PAH
August 1, 2007


**Executive Reviewer's Comments:**



U.S. Department of Justice                                    **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

| | |
|---|---|
| Name: SMITH, Ernest | Institution: Lewisburg USP |
| Register Number: 11565-007 | |
| DCDC No: 245-853 | Date: August 10, 2007 |

As a result of the hearing conducted on July 23, 2007, the following action was ordered:

Deny parole. Continue to a Three-Year Reconsideration Hearing in July 2012.



**REASONS:**

Your Total Guideline Range is 249-383 month(s). See the attached sheet for the components that make up your Total Guideline Range. These components are your Salient Factor Score; Base Point Score; Base Point Score Guideline Range; Months Required to Serve to Parole Eligibility Date; Disciplinary Guidelines (if applicable); and Superior Program Achievement Award (if applicable).

You have been in confinement as a result of your current offense behavior for a total of 183 months as of July 25, 2007.

After consideration of all factors and information presented, a decision outside the Total Guideline Range at this consideration is not found warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:     CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2070
        Washington, D.C. 20001

EXHIBIT



## SALIENT FACTOR SCORE (SFS-98)

**Your Pts    Salient Factor Score (SFS-98) Item Explanations**

**1**    A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0

**1**    B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0

**2**    C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation)

**0**    D - Recent commitment free period (three years)
No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0

**0**    E - Probation/parole/confinement/escape status violator this time
Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement, or escape status violator this time = 1; Otherwise = 0

**0**    F - Older offenders
If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0

**4**    Salient Factor Score (SFS-98) total (total points for A-F above)

## BASE POINT SCORE

**Your Pts    Base Point Score Category Explanations**

**2**    I - Contribution from Salient Factor Score
10-8 (Very Good Risk) = +0; 7-6 (Good Risk) = +1; 5-4 (Fair Risk) = +2; 3-0 (Poor Risk) = +3

**3**    II - Current or Prior Violence
Violence in current offense and any felony violence in two or more prior offenses = +4; Violence in current offense and any felony violence in one prior offense = +3; Violence in current offense = +2; No violence in current offense and any felony violence in two or more prior offenses = +2; Possession of firearm in current offense if current offense is not scored as a crime of violence = +2; No violence in current offense and any felony violence in one prior offense = +1

**3**    III - Death of Victim or High Level Violence (Category III points are added to points scored in Categories I and II)
Current offense was high level or other violence with death of victim resulting = +3; Current offense involved attempted murder or violence in which death of a victim would have been a probable result = +2; Current offense was other high level violence = +1

**8**    Base Point Score (sum I-III above)





## DISCIPLINARY GUIDELINES

You have 5 non-drug related infraction(s) [0-2 months each], which requires 0-10 months to be added to your base point score guideline range.

## SUPERIOR PROGRAM ACHIEVEMENT AWARD

You have been granted a reduction of 12 month(s) from your Total Guideline Range for superior program achievement. This was granted because you have completed the CODE Program, Chess Video, Informational Employment Video, Introduction to Business Law, Real Estate, Mortgage Transactions, Understanding Fitting, Retaining Industrial Housekeeping, First Aid Adult CPR, Victim Impact, CDL, Health Fitness, African American Studies, Industrial Housecleaning, Introduction to Business and Accounting Principles, Health Awareness, Fitness Assessment, Creative Cake Decorating, Cage Your Rage, Introduction to Spanish, Total Body Fitness, Business Entrepreneurship and Mentoring, Vocational Electric and Plumbing Training and the Challenge Program.

## TOTAL GUIDELINE RANGE

| | |
|---|---|
| 72— 96 | Base Point Score Guideline Range |
| 189—189 | Months Required to Serve to Parole Eligibility Date |
| 0— 10 | Disciplinary Guideline Range |
| less 12— 12 | Superior Program Achievement Award (if applicable) |
| 249—283 | Total Guideline Range |

| Base Point Score Guideline Range | | Points For SFS Item C | | |
|---|---|---|---|---|
| Base Point Score | Guideline Range | Age | Prior Commitments | |
| | | | 0-1 | 2 | 3+ |
| 3 or less | 0 months | 26 & Up | | 2 | 1 |
| 4 | 12-18 months | | | | |
| 5 | 18-24 months | 22-25 | 2 | 1 | 0 |
| 6 | 36-48 months | | | | |
| 7 | 54-72 months | 20-21 | 1 | 0 | 0 |
| 8 | 72-96 months | | | | |
| 9 | 110-140 months | 0-19 | 0 | 0 | 0 |
| 10 | 136-172 months | | | | |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERNEST D. SMITH    )
           )
     Plaintiff,  )
           )
  v.       )  Civil Action No. 07-1934 (RMC)
           )
EDWARD F. REILLY, <u>et al.</u>, )
           )
     Defendants. )

**<u>DEFENDANTS' COUNTER-STATEMENT OF MATERIAL FACTS</u>**

1-4.   Admit.

5.   Deny in part.  The Commission found that plaintiff had a Salient Factor Score of 4.  Defendants' Statement of Material Facts, <u>Ex.</u>  ("Defs' SOMF)".  The Commission also did not add any time to plaintiff's parole eligibility, which is fixed by statute and plaintiff's convictions.  D.C. Code § 24-203(a), -204(a) (1981).

6.   Admit in part.  The Commission added 0-10 months onto plaintiff's aggregate guideline range as a result of his institutional infractions.  Defs' SOMF, <u>Ex.</u> H.

7.   Admit in part.  The Commission subtracted 12 months from plaintiff's aggregate guideline range as a result of his programming in the institution.  <u>Id.</u>, <u>Ex.</u> H

8.   Admit.

9.   Admit.

10.   Admit.

11.   Deny.  28 D.C. Regs. § 204, app. 2-1.

12.   Deny.  The 1987 guidelines did not limit consideration of disciplinary infractions, and these regulations speak for themselves.  D.C. Code  § 24-203(a), -204(a) (1981).

13.          Deny.  Plaintiff would not have had a "grid" score of 2 if the Commission utilized the 1987 guidelines in considering him for parole.  28 D.C. Regs. § 204, app. 2-1; Defendants' Memorandum of Points and Authorities ("Defs' Brief") at 11-12.

14.          Deny.

15.          Deny.  Under the D.C. regulations, policies, and practices, Plaintiff would not have been presumed suitable for parole, and those guidelines, policies, and practices would not have suggested a grant of parole either.   28 D.C. Regs. § 204, app. 2-1; Defs' Brief at 11-12.

16-22.       Admit.

23.          Deny. Id.

24.          Deny. Id.

25.          Admit in part and deny in part.  Defendants admit that the Commission had utilized its own practices but deny that the Commission used federal guidelines or standards. Defendants have amended and supplemented the guidelines of the D.C. Board of Parole, applied those amendments, and exercised their own discretion in their decision making.

26.          Deny.

27-29.       Admit.

30.          Admit in part.  Defendants object to plaintiff's statement that the Commission was required to apply the parole "practices" of the D.C. Board at any time.

31.          Deny.  Defendants admit that the D.C. Board used guidelines to inform the exercise of its discretion but Defendants deny that the guidelines were "mandatory."  28 D.C. Regs. §100 et seq. (1987) (repealed Aug. 5, 2000)).

32-47.       Admit. Id.

48.          Admit in part and deny in part.  Defendants admit that the basic policy of

the D.C. Board was to have the minimum term of an inmate's term presumptively satisfy the

need for punishment.  However, Defendants object to the statement as well as the attached

footnote that this was universal.

49-60.          Admit.

61-62.          Admit in part.  Defendants object to the claim that only "serious"

disciplinary infractions could be considered under the D.C. Board's regulations.  Id.

63-68.          Admit.

69.          Admit.

70-71.          Admit in part.  Defendants object to plaintiff's characterization that the

regulations "directed" the D.C. paroling authority to parole or order no parole for any individuals.

Id.

72.          Admit in part.  Defendants object the characterization that only

"referenced" factors could support a departure from the 1987 guidelines.  Id.

73-75.          Admit.

76.          Deny in part.  Defendants admit that the 1987 regulations did not specify

particular factors for departure, but Defendants deny that this led to inequities and other maladies

alleged in this paragraph.  Id.

77.          Admit.

78.          Deny.  Id.

79.          Admit.

80.          Deny.  The 1991 policy guideline was not used prior to 1991 and not in

aspects after subsequent policy guidelines were issued which modified the Board's policies.

81-83.        Admit.

84.          Deny.  The Board did not seek to limit the discretion of its members in
issuing the 1991 policy guideline or other subsequent policy guidelines.  D.C. Code § 24-203(a),
-204(a) (1981).

85.          Admit.

86.          Deny.

87.          Admit.

88-94.        Admit in part.  To the extent that these statements are consistent with the
text of the 1991 policy guideline, Defendants admit.  To the extent that these guidelines were not
followed or were subsequently amended, Defendants assert that they did not apply to all D.C.
Code offenders.  Defendants deny that the Board limited its authority in writing these statements.

95-100.       Admit.

101.         Admit.

102.         Admit the substance of the paragraph, but object to the allegation that
there were "deficiencies" in data and process of the studies.

103.         Deny.  The Commission did not replace the 1987 guidelines but amended
them to reflect prior D.C. Board of Parole practice and recent actuarial data.

104.         Deny.

105.         Deny and immaterial.

106.         Deny and immaterial.

107.         Deny.  This paragraph calls for a conclusion of law and Defendants assert

that the guidelines and regulations speak for themselves.

108.        Deny.

109.        Deny in part.  Defendants object to the statement that the 2000 guidelines

added to a D.C. Code inmate's minimum sentence.  Defendants note that the minimum sentence

of a D.C. Code inmate is set by statute.  Nothing in the 2000 guidelines alters this fact.  D.C.

Code § 24-203(a).

110.        Deny.  Defendants have not denied D.C. Code offenders parole on the

basis of offense severity.

111.        Deny.

112.        Deny.

113.        Deny.

114.        Admit.

115.        Deny.

116.        Admit.

117.        Admit and deny in part.  Admit the first sentence in whole.  Deny that the

Commission "ignored" the 1987 regulations.  The Commission did not change any assumption

under the 1987 regulations.

118.        Deny.

119-122.    Admit.

123.        Deny all assertions in this paragraph, except the last sentence.

124.        Admit.

125.        Defendants deny assertions in this paragraph because it generalizes about

the issues that are either addressed specifically regulations or involve unique factual scenarios that the paragraph does not contemplate or address.

126.        Deny.  This paragraph states no facts and is premised upon the faulty assertion that the Commission achieved and "increase."

127.    Deny in part.  Defendants acknowledge that the Commission slightly modified its own Salient Factor Score after the D.C. Board of Parole adopted it.  Defendants note that the D.C. Board's Salient Factor Score was not created by the Board for its own use but was borrowed from the Commission in the 1980s.  Defendants also note that the Commission slightly modified the "old" Salient factor Score because it found that the items at issue in the "old" score did not adequately predict parole prognoses and that the new item added was more predictive of success on parole.  Defendants admit that the D.C. Board never modified the old Salient Factor Score to reflect new data regarding recidivism.  63 Fed. Reg. 39172, 39172 (July 21, 1998).

128.        Admit.

129.        Admit in part.  Defendants admit that the 2000 guidelines included additional points for "type of risk."

130.        Deny.  Defendants object to the statement that the 2000 guidelines "increased the period of incarceration" because the statement is a legal conclusion.

131-133.        Admit.

134-140.        Admit in part and deny in part.  These paragraphs call for a conclusion of law and pertain to the official regulations of the U.S. Parole Commission, which speak for themselves.  To the extent that plaintiff characterizes these regulations beyond what they plainly state, Defendants object to these paragraphs.

141.        Deny.  None of the Commission's regulations "necessarily increase[] the period of incarceration that any D.C. Code offender" will serve.  <u>Sellmon v. Reilly</u>, 2008 WL 1933759 (ESH), at *16 (D.D.C. 2008)

142.        Admit.

143-149.        Admit in part and deny in part.  Defendants object to these paragraphs because they involve a hypothetical case not before the Court and do not state any facts.  To the extent that a response is necessary, Defendants deny these paragraphs.  Defendants again note that the Commission's regulations and 2000 guidelines speak for themselves.

150.        Deny in part.  Defendants again note that this paragraph pertains to lawfully published regulations and Federal Register documents which are matters of law.  To the extent that plaintiff asserts that the Commission did not adequately support its findings in these documents, Defendants object.

151-153.        Admit

154-155.        Deny.  Defendants again note that this paragraph pertains to lawfully published regulations and Federal Register documents which are matters of law.  To the extent that a response is required, Defendants object to these statements because the 1987 officially published regulations of the D.C. Board of Parole (published in the D.C.M.R.) do not place any further limits on the D.C. paroling authority's ability to consider institutional misconduct than the Commission's regulations and 2000 guidelines.

July 3, 2008                                Respectfully Submitted,

                                          _/s/_____
                                          JEFFREY A. TAYLOR, D.C. BAR # 498610
                                          United States Attorney

7

_/s/_____

RUDOLPH CONTRERAS, D.C. BAR #434122

Assistant United States Attorney

_/s/_____

KENNETH ADEBONOJO

Assistant United States Attorney

555 Fourth Street, N.W.

Washington, D.C.  20530

(202) 514-7157

kenneth.adebonojo@justice.com

8